CONNISON (POMEROY v.). See Case No. 11,259.

## Case No. 3,117.

### CONNOLLY v. BELT et al.

### BELT v. PICKERELL et al.

[5 Cranch, C. C. 405.][1]

Circuit Court, District of Columbia. March Term, 1838.

SALE UNDER DEED OF TRUST — SETTING ASIDE— ENJOINING PAYMENT OF SURPLUS — PLEADING— PRAYER FOR RELIEF—PROOF.

1. If the property of a debtor be sold under a deed of trust, to a greater amount than the debt, the surplus cannot be enjoined and stayed, in the hands of the trustee, to answer damages which the plaintiff may recover against the debtor at law, for not delivering up the possession of the property according to his agreement, unless the debtor is insolvent.

2. If the terms of a deed of trust be, that if the debt be not paid at the time appointed, the trustee shall sell the property, and it be sold accordingly, the sale will not be set aside because a sale of part of the property would have been sufficient to raise the money, especially if the property consists of a single lot of ground, and there are subsequent incumbrancers who agree that the whole shall be sold.

3. The trustee, in such case, cannot sell a part only, without the consent of all parties concerned.

4. A sale made by an agent of the trustee, according to the terms and conditions, and at the time and place prescribed, is a sale by the trustee; there being no law requiring him to be personally present at the auction.

[Cited in Smith v. Black, 115 U. S. 318, 6 Sup. Ct. 55.]

5. A complainant is not entitled, under the prayer for general relief, to a decree inconsistent with his own statement in his bill.

6. The relief granted must always be consistent with the allegations in the bill.

7. If the complainant cannot support his bill upon the grounds which he has assumed, the bill must be dismissed.

These causes were heard together, on the bills, answers, general replications, and evidence.

R. S. Coxe and Mr. Jones, for Thomas J. Belt, contended, that the sale made under Belt's deed of trust was void, and ought to be set aside, because, (1) the trustee was not personally present at the sale; (2) that the whole lot was sold, when the sale of a part only would have been sufficient to pay the debt due to Pickerell under the deed of trust; (3) that it was sold for $1,620, when the price limited by consent of the creditors was $1,800. In support of the first objection, Mr. Coxe cited the case of Heyer v. Deaves, 2 Johns. Ch. 154, and in support of the second he cited the case of Delabigarre v. Bush, 2 Johns. 490.

C. Coxe was of counsel for the other parties.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Before CRANCH, Chief Judge, and MORSELL, Circuit Judge (THRUSTON, Circuit Judge, absent).

CRANCH, Chief Judge. The bill of Owen Connolly states that he purchased lot No. 3, in square No. 403, in Washington, at a sale made by Raphael Semmes under a deed of trust from Thomas J. Belt to the said Raphael Semmes, to secure a debt due to John Pickerell, from whom Belt had purchased the lot. That by the deed of trust, it was the duty of the trustee, in a certain event, "to sell the premises at public auction, after giving twenty days notice, at such time and place, and upon such terms and conditions as the said trustee shall deem most for the interest of all parties concerned in said sale. That he sold accordingly with the assent of Belt, who promised to deliver up possession of the premises to the plaintiff on the 1st of February thereafter, on the faith of which the plaintiff paid the purchase-money, $1,620; but Belt refused to deliver up the possession; whereupon the plaintiff brought his action at law for damages for not delivering possession according to his promise; and also an ejectment, in the name of Raphael Semmes, the trustee, to recover the possession. That there will be a surplus of purchase-money in the hands of the trustee, after paying all liens and expenses, of from $360 to $400, payable to Belt. The bill suggests his insolvency, and prays for an injunction to stay that surplus in the hands of the trustee, to satisfy the damages and costs which the plaintiff may recover in his action at law, and for general relief.

The main object of this bill, and the relief prayed, is to stay the surplus in the hands of the trustee, to meet those damages and costs; and I do not see that any other relief can be granted upon the bill; and even that relief depends upon the insolvency of Belt; for upon no other ground can the court be justified in detaining it from him. The answer of Belt positively denies his insolvency; and this answer, being responsive to the allegation of the bill, must be taken to be true, and thus takes away all ground of relief. Doctor Dawes, indeed, says in his deposition, that he believes that the pecuniary circumstances of Belt were bad at the time of the sale. He had two small judgments against him, which were unpaid. But this evidence is not sufficient to rebut the positive denial in the answer. The answer, it is true, denies the validity of the sale, because made for less than the price limited by the verbal agreement at the time of sale. But this is unimportant, as the plaintiff does not seek to have his purchase confirmed. His complaint is, that Belt will not surrender the possession; but for this he has sought his remedy in another forum, in a court of law, and therefore cannot now ask it in equity. If the plaintiff recovers judgment for his damages and costs at law, the law is competent to en-

force it. The only equity in the bill, is the supposed insolvency of Belt, and that is denied in the answer, and not supported by sufficient evidence. I think, therefore, that this bill of Connolly against Belt and Semmes should be dismissed.

The cross-bill of Belt v. Pickerell. Semmes, and Connolly, seeks to avoid the sale to Connolly: ·

1. Because the conditions of said deed of trust were not complied with, "inasmuch as the property was not offered for sale at such time and place, and upon such terms and conditions, as the trustee thought most advantageous to all parties concerned." This averment is directly and positively denied by the answer of the trustee, and this denial being responsive to the allegation in the bill, is evidence.

2. Because the whole lot was sold, when a part would have satisfied this incumbrance of Pickerell's; and although he was requested to offer the corner division of the lot for sale to satisfy his lien. The fact that a proposition was made by the friends of Mr. Belt to Mr. Pickerell, to sell only a part of the lot, seems to be supported; and also that a sale of that part of the lot would have produced money enough to satisfy the claim of Mr. Pickerell; but it is evident that the subsequent incumbrancers would have proceeded against the residue of the lot, at an increased expense; and it is very doubtful whether it would have produced as good a price, thus divided, as if sold entire. There was no obligation upon the trustee thus to divide it; nor had he authority so to do, without the consent of all who were interested in the property, including the subsequent incumbrancers. His duty, under the deed of trust, was to sell "the premises," not a part of the premises.

The case of Delabigarre v. Bush. 2 Johns. 490, was upon a common mortgage, and one of the questions was, whether the court, in the exercise of its equitable jurisdiction, upon the foreclosure of the mortgage, should order the whole of the mortgaged premises to be sold, or only so much as should satisfy the mortgage debt. The premises consisted of two farms, the property of the mortgagor, and sundry city lots, the property of his wife. The court decided that it was not "a matter of course to order a sale of all the mortgaged premises." "That there can, perhaps, be no general rule upon the subject; each case must depend upon its own circumstances." Considering that a sale of the whole of the mortgaged premises might materially injure the wife of the mortgagor, by converting her real estate into personal, whereby, if not necessary to pay the debt, it would become the absolute property of her husband, the court of errors reversed the decree for the sale of the whole, and ordered the husband's property to be first sold; and if that should not be sufficient, then so much of the wife's as should be necessary.

The present case is not that of a common mortgage, but a deed of trust, where the trustee is bound to pursue his powers strictly; and although a court of equity would probably sanction a sale of part only, yet the deed of trust itself authorizes and requires the trustee to sell "the premises;" and where there was a contest between the cestuis que trust whether he should sell the whole, or a part only, his safest course, perhaps, was to sell the whole, especially as it consisted of a single lot. His refusal to yield to the wishes of the debtor in that respect, contrary to those of the creditor and subsequent incumbrancers, cannot make the sale void as against the purchaser, who had nothing do do with that question, and who was encouraged to bid, by the debtor himself.

3. The third ground for avoiding the sale, as urged by Mr. Belt, in his cross-bill, is, that it was agreed on the day of sale, that the property should not be sold under $1,800, but it was knocked off to Connolly at $1,620. But this allegation is not sustained by the evidence, and the objection therefore fails.

Another objection was made in the argument, but not suggested in the bill, namely, that the sale was void because the trustee, Mr. Semmes, was not personally present. This objection was not made at the sale. In support of it, the case of Heyer v. Deaves, 2 Johns. Ch. 154, was cited. That was a sale of mortgaged premises, made under a decree of the court of chancery of New York, in the absence of a master, who, being sick, did not attend, but deputed a competent agent, who attended and sold the land. The statute of that state requires "that all sales of mortgaged premises, under a decree, shall be made by a master." The chancellor says: "The statute intended that such sales should be under the immediate direction of a known and responsible public officer. An under, or deputy-master, is not an officer known in law." Neither that statute nor that case is applicable to the present case, which is a sale under a common deed of trust. The time, place, terms, and conditions, were such as were deemed by the trustee most for the interest of all the parties concerned in the said sale, as appears by the answer of the trustee; and a sale made by an agent of the trustee, according to the terms and conditions, and at the time and place prescribed, is a sale by the trustee, there being no law requiring him to be personally present at the auction. No objection having been made by Mr. Belt, or his friends, on account of the absence of Mr. Semmes, the trustee, who was represented by Mr. C. Coxe, as his agent, at the sale, and their suffering the sale to go on, is, I think, a waiver of the objection; it would have been otherwise valid. But the objection, in itself, is of no avail. If the sale was valid, it is not important in this suit to inquire how the trustee has applied the purchase-money. The bill seeks to avoid the sale altogether, and does not ask for a decree

for the surplus money in the hands of the trustee; and the plaintiff is not entitled to such a decree under the prayer for general relief; for it would be inconsistent with his own statement of his case. The relief granted must always be consistent with the allegations of the bill. If the sale was void, as the plaintiff contends, he is not entitled to any part of the proceeds of the sale; and if he cannot support his bill upon the grounds which he has assumed, it must be dismissed.

Upon the whole, I think both bills must be dismissed.