### DOYLE *et al. v.* MOULTRIE BANKING COMPANY.

Powers of sale in deeds of trust, mortgages, and other like instruments are to be strictly construed and fairly exercised.

(*a*) The vendee in a security deed, with the power of sale, conveying one described tract of land containing a given number of acres, has the absolute legal right, as between the parties, to enforce the collection of the debt thereby secured by the sale of the land as one entire tract, although, if sold in separate parcels, a portion of the land might pay the debt.

(*b*) In such a case it is the duty of the vendee to exercise the power of sale as granted, especially if his failure to so exercise it would injure the grantor, his heirs or assigns, or those claiming under them, and especially when the grantor, his heirs or assigns or those claiming under them, insist upon such exercise of the power.

(*c*) Speaking generally, powers of sale, which require the fee or whole interest to be sold at once, do not admit of the sale of the property in parcels.

No. 5321. November 13, 1926.

Equitable petition. Before Judge W. E. Thomas. Colquitt superior court. January 21, 1926.

*DeLoache & McDonald,* for plaintiffs.

*Kline & Moore,* for defendant.

Hines, J. On April 18, 1917, Clara J. Nace executed to R. M. Morrison, trustee, a security deed to ten acres of land in the City of Moultrie. This deed was made to secure a loan of $4,500 principal, and interest thereon at eight per cent. per annum. It was duly recorded. The grantor died intestate, leaving as her sole heir at law her husband, E. S. Nace, who took possession of her estate, including said ten-acre tract, without administration. E. S. Nace died intestate, leaving as his only heirs at law W. W. Nace, Ben M. Goldsmith, and Mae Nace Doyle. W. W. Nace qualified as administrator of the estate of E. S. Nace, and proceeded to administer his estate. Most of the property was divided in kind among the heirs at law, under two divisions made at dif-

---

Mortgages, 27 Cyc. p. 1479, n. 24; p. 1480, n. 27.

ferent times, both of which were before either of the heirs had discovered the existence of the deed from Clara J. Nace to R. M. Morrison, trustee. Said tract of ten acres was divided into lots, and lots four and six of said division, containing three acres, went to W. W. Nace as a part of his share in the estate under the second division of the property of E. S. Nace among his heirs at law. Ben M. Goldsmith and Mae Nace Doyle made to W. W. Nace a deed to his share of said estate falling to him in said second division, and including said lots four and six of said ten-acre tract. This deed was dated and duly recorded February 2, 1919. The habendum clause was as follows: "To have and to hold said bargained premises so far as the same was had and held by the said Edward S. Nace at the time of his death." Under said second division all of the remaining property of the estate of Edward S. Nace was divided in kind among his heirs, except seven acres of said ten-acre tract. Ben M. Goldsmith and Mae Nace Doyle leased their two-thirds undivided interest in said remaining seven acres of said ten-acre tract to W. W. Nace, under a contract dated March 5, 1919, and duly recorded. In said lease contract it was stipulated that certain machinery which was to be placed upon this seven-acre tract by W. W. Nace, in the erection of a brick plant thereon, was to remain his property, subject to the right of the lessors to purchase at the expiration of the lease the machinery at its appraised value, which was to be fixed by appraisers, having in view the value of the property as a brick plant. Before discovering the existence of said Morrison deed, W. W. Nace made valuable improvements on said lots.

Thereafter W. W. Nace procured a loan from the Moultrie Banking Company with which to make improvements on lots four and six, and to secure the same he executed to said bank a security deed, which was dated October 7, 1920, and duly recorded, and which embraced those two lots. In this deed it was recited that it was made subject to said security deed from Clara J. Nace to Morrison, trustee. On January 25, 1924, Morrison, trustee, transferred to the bank the security deed given to him by Clara J. Nace, and the indebtedness thereby secured. On March 19, 1924, the bank, under the power of sale contained in said deed, advertised all of said ten-acre tract of land, except lots four and six held by W. W. Nace and covered by his security deed to the bank,

for sale on April 17, 1924. In its advertisement the bank also exempted from sale the improvements put on said property by W. W. Nace. Mae Nace Doyle and Benjamin M. Goldsmith filed their petition to enjoin the sale of the said seven acres of said ten-acre tract by the bank, under the power of sale in said trust deed to Morrison, upon the grounds: (a) that under the terms of the power of sale contained in the Morrison deed the bank had no authority to sell said property in parcels, nor otherwise except in its entirety; (b) that it would be inequitable to charge the seven acres with the entire burden of discharging the debt secured by the deed from Clara J. Nace to Morrison, trustee; and (c) that the value of the seven acres would be depreciated by said sale. A temporary restraining order was granted. The case came on for trial before a jury; and upon the trial the facts hereinbefore stated were made to appear. The court directed a verdict for the defendant. The plaintiffs filed their motion for new trial upon the general grounds. The court overruled the motion, and to that judgment the plaintiffs excepted.

The question presented for our determination is whether the holder of a security deed, which conveys a single tract of land, can, under a power of sale contained in said deed which authorizes such holder to sell the same upon default of the grantor in paying the debt secured thereby, for the purpose of collecting such debt, sell a part of said tract, or must the holder under such power of sale sell the whole of said tract? Powers of sale in deeds of trust, mortgages, and other like instruments, are to be strictly construed and fairly exercised. Civil Code (1910), § 4620; *Calloway* v. *Peoples Bank*, 54 *Ga.* 441, 450. Sales, under ordinary powers, of land apart from the timber, or reserving the minerals, are invalid and can not be aided in equity. Farwell on Powers (3d ed.), 410; Cockerell v. Cholmeley, 109 Eng. Rep. 560, 10 B. & C. 564. Although the premises may be susceptible of division or actually divided, yet if they be used, occupied, or naturally constitute one farm or lot, the property should be offered as a whole. 27 Cyc. 1480. Where money is loaned and the borrower executes a deed conveying to the lender one tract of land containing a large number of acres as security for the debt, the lender has the absolute legal right, as between the parties, to enforce the collection of any judgment which he might obtain upon the debt, by sale of the

land as one entire tract, although if sold in separate parcels a portion of the land might pay the debt. *Dutton* v. *Faulk,* 159 *Ga.* 736 (126 S. E. 718). The vendee in a security deed being clothed with this absolute right, it would seem to follow, as a necessary consequence, that it would be his duty to exercise it as granted, especially if his failure to so exercise it would injure the grantor, his heirs or assigns, or those claiming under them, and especially when the grantor, his heirs or assigns, or those claiming under them, insist upon such exercise of this right. Speaking generally, powers of sale, which 'require the fee or whole interest to be at once disposed of, do not admit of successive executions with relation to the same particular property, although the property may admit of repeated executions in distinct parcels. We have seen that our Code declares that such a power must be fairly exercised. The trustee in a deed of trust, where there are subsequent encumbrances, can not sell a part only of a single lot without the consent of all parties. Connolly *v.* Belt, 6 Fed. Cas. 310 (No. 3117), 5 Cranch's C. C. 405.

The security deed involved in this case conveyed a single described tract of land containing ten acres. The power of sale therein contained authorized the grantee or the holder of the deed to sell this tract of land, if the grantor defaulted in the payment of the debt secured. This instrument did not provide for a sale of the premises or so much thereof as might be necessary to pay the debt secured. It was the clear intent of the parties that the holder of the security deed should have the right and power to sell the entire tract to satisfy the debt, if the grantor defaulted in its payment. It would be inequitable and unjust to permit the holder of the security deed to sell only a portion of the premises, in order to permit him to enforce a security which was inferior to this security deed, when the whole tract was subject. This is especially so in view of the provision in the security deed from W. W. Nace to the bank, which expressly stipulates that this security deed was taken subject to the security deed held by Morrison, trustee. In view of what has been said, the Moultrie Banking Company did not have the right to sell under this power of sale only a portion of the tract of land therein embraced, to the prejudice of the rights of the plaintiffs. There is nothing to the contrary of what we now hold in this case, in Civil Code § 6029,

and in *Western Union Telegraph Co.* v. *Brown & Randolph Co.,* 154 *Ga.* 229 (114 S. E. 36). That section and that decision deal with the rights of successive purchasers from the owner of property covered by a lien. In such a case the parcels should be charged in the inverse order of their alienation. In the case under consideration there was no sale of the land covered by the Morrison security deed by the grantor therein to successive purchasers. This land went by descent to the sole heir of the grantor in that security deed. It then went by descent from her heir to his heirs. There was a division of this land in kind by the latter among themselves. In that division a portion of this land went to the heir under whom the bank claims. By express stipulation in the security deed from this heir to the bank, the latter took the land therein embraced subject to the Morrison security deed. All that the bank can claim thereunder is this equity or its proceeds. Clearly, in these circumstances, the principle embraced in the above-cited section of the Code and decision is inapplicable to the facts of this case.

Applying the above principles, the court erred in directing a verdict for the defendant.

<div align="right">

*Judgment reversed. All the Justices concur.*