McDUFFIE *et al.* v. MERCHANTS BANK.

*William B. Kent* and *Thomas J. Sappington,* for plaintiffs.
*W. S. Mann,* for defendant.

RUSSELL, C. J. 1. When the bank, while holding the equitable interest of Mrs. McDuffie in two tracts of land by virtue of her assignment to the bank of her bond for title from Forman, which embraced both the tracts of land referred to, took a warranty deed to only one of the tracts, there was a merger of the lesser estate (conveyed by the assignment of the bond for title) into the greater estate conveyed by the deed of purchase and sale, which extinguished the debt secured by the assignment of the bond for title and restored to the debtor her equitable interest in the other tract of land which had been assigned as security for debt to the bank. As a general rule, no one can hold a lien on his own property. Civil Code (1910), § 3683. The exception to this rule applies only when the owner of property subject to lien, *to protect himself,* may purchase the lien for levy on other property or to hold as a claim against the person liable to pay the same. Under the

principle just stated, the bank had the right to purchase the debt and prior lien of Forman for the protection of the 202-1/2 acres of land conveyed to it by Mrs. McDuffie's security deed on February 3, 1915, because this land was subject to said prior lien, as was known to the bank at the time of its purchase. However, the bank had no interest to protect as regarded the second tract of land embraced in the Forman security deed, by reason of the fact that the debt secured by the assignment of Mrs. McDuffie's bond for title had been fully paid, and by reason of the release referred to in the preceding paragraph. Consequently the purchase by the bank of the lien of Forman merely put the bank in every respect in Forman's shoes. The rights of the bank were not enlarged by the transfer of the notes held by Forman, and the deed securing an indebtedness of $1000 conferred upon the Merchants Bank no powers additional to those possessed by Forman.

2. Neither Forman acting in a fiduciary capacity as agent and attorney in fact for Mrs. McDuffie, nor the bank as his transferee, was empowered to sell two tracts of land (jointly conveyed to secure the named indebtedness) at separate sales. As the land in its entirety was specifically pledged for the payment of the debt, it was necessarily within the contemplation of the parties that if it should become necessary to enforce payment by sale, the land would be subject to sale as a whole just as it was conveyed. The decision upon this point is controlled by the principle announced in *Doyle* v. *Moultrie Banking Co.*, 163 *Ga.* 140 (135 S. E. 501), in which it was held that "Powers of sale in deeds of trust; mortgages, and other like instruments are to be strictly construed and fairly exercised. The vendee in a security deed, with the power of sale, conveying one described tract of land containing a given number of acres, has the absolute legal right, as between the parties, to enforce the collection of the debt thereby secured by the sale of the land as one entire tract, although, if sold in separate parcels, a portion of the land might pay the debt." The chief difference between the facts in the *Doyle* case and that now sub judice is that the land conveyed consists of two tracts separated before the execution of the security deed, but joined in the deed to constitute an entire security for the payment of the Forman debt.

3. The bank having purchased the larger tract containing 202-1/2 acres embraced in the deed of Forman securing a debt of only

$1000 (which was subject to Forman's encumbrance), and having sold said tract for more than $3000, it would be inequitable to subject the smaller tract of 25 acres to the payment of the entire Forman debt, without regard to the presumption which might arise from the circumstance of this case that the bank, when it purchased from Mrs. McDuffie with knowledge of Forman's lien, assumed the payment of the entire debt due by Mrs. McDuffie to Forman.

4. The verdict, finding in effect that only one of the tracts of land may, by sale under the power of sale in the Forman deed, be subjected to the entire liability, is contrary to the law and the evidence. In the circumstances of this case, before the smaller tract of land alone could be sold under the power of sale contained in the security deed conveying both tracts, it is necessary that there be a judicial determination of the proportion in value which each respective tract bore to the amount of the debt, so that neither tract shall be held liable for more than its part of the joint liability. See *Jackson* v. *Tift,* 15 *Ga.* 557, 559.

5. Applying the foregoing principles, it was error for the court to instruct the jury that "There are a great many contentions . . between the parties in this case, but there is one real issue; and that is, what was the consideration of this deed from Mrs. Mc-Lean (or McDuffie) to the bank? If the consideration of that deed was, as is contended by Mrs. McLean, that the bank was to release unto her the 25-acre tract of land free from all encumbrances, if that was the real consideration, why the plaintiffs should recover. If that was not the consideration, she should not recover." None of the remaining grounds of the motion for a new trial show reversible error. The trial judge erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concur, except Gilbert, J., dissenting.*