23486. DOESCHNER et al. v. WILSON et al.

ARGUED MAY 10, 1966—DECIDED JUNE 9, 1966.

*Greene & Greene, Wm. B. Greene,* for appellants.

*Warren Akin, Bates Block, Hansell, Post, Brandon & Dorsey,* for appellees.

ALMAND, Justice. Fred L. Wilson brought an equitable petition in the Superior Court of Bartow County seeking a partition and distribution of certain land to the beneficiaries under the will of Mrs. Mildred Angeline McKelvy, petitioner's grandmother. The petition as amended named numerous persons as defendants who for the most part were grandchildren, great and great-great grandchildren of the testatrix as well as the appelants here, Mrs. Kathleen Doeschner, Gordon Rogers, Mrs. Glenn Patrick and Verdon C. Hargis. Appellants claim a share of the property under a will of the wife of J. N. McKelvy, who was one of the children of the testatrix. The petition alleged that Mrs. Mildred Angeline McKelvy died leaving a will which was probated on September 1, 1919, in which she left certain property to two of her daughters, Alverda and Alice McKelvy, for their life or spinsterhood. Alice died unmarried in 1921, and Alverda died unmarried in 1965. Item 2 of the testatrix's will provided

"at the death of my said daughters if their estate for life has not been terminated as hereinbefore provided, then said property to be sold and the proceeds divided equally among all my children share and share alike, and if any be dead, leaving child or children, such child or children to receive the share of the deceased parent."

It was further alleged that it was not known whether or not all of the named defendants were beneficiaries under Item 2 and that it would be necessary for the court to construe the will of the testatrix to determine who was entitled to the proceeds from the property. Petitioner contended that the language of the will meant in his opinion that only the children and/or grandchildren and their lineal descendents were entitled to the property. On August 11, 1965, in accordance with requests of petitioner, the court appointed three commissioners to take charge of the property and sell it since the property could not be divided in kind among those who had an interest in it. In the same order, the court reserved the right to determine who was entitled to the proceeds from the sale and allowed any interested party to file defenses and objections to the distribution of the proceeds.

In accordance with the court order, Wilson Randall, Raymond H. Whitehead and C. E. Johnson filed a written request with the court to the effect that the proceeds from the sale of the property should be distributed only to the "direct, lineal or blood bond descendents of the said Mrs. Mildred Angeline (Harper) McKelvy" and that the appellants not being lineal descendents, but only claiming under the will of a lineal descendent, were not entitled to the proceeds from the sale of the land. The intervenors also asked that the court reimburse said lineal descendents for money paid the appellants from proceeds of a condemnation of part of the property in a previous proceeding.

On December 17, 1965, the court ordered the commissioners to convey the property to certain purchasers for the sum of $51,000.

On January 17, 1966, the three commissioners filed a petition in which they pointed out the foregoing intervention. In addition, the petition stated the following: "Attention of the court is called to the previous case filed by the State Highway Depart-

ment against Miss Alverda McKelvy et al. being No. 31, April term 1951, of the Superior Court of said county and motion filed by the clerk of the superior court of said court [sic] July 5, 1951, in which motion and application the clerk of the superior court asked for construction of the will of Mrs. Mildred Angeline McKelvy and direction to whom to pay the proceeds involved in said case"; that "the judge of the superior court handed down an order on July 19, 1951, designating the people to whom this money was to go under the will of Mrs. Mildred Angeline McKelvy"; that "at that time Mrs. J. N. McKelvy only heir at law of J. N. McKelvy was in life and she received a one-ninth share of said money"; that "thereafter in 1958 the State Highway Department of Georgia filed another condemnation petition taking additional land held by Miss. Verta [Alverda] McKelvy for life under the will of Mrs. Mildred Angeline McKelvy and at that time Mrs. J. N. McKelvy had departed this life leaving will in which she designated Gordon Rogers, Mrs. Kathleen Doeschner, Mrs. Glenn L. Patrick and Charles Hargis who leaves a son Verdon C. Hargis as devisees and legatees"; "that when the money was disbursed from the proceeds of this condemnation suit the share of Mrs. J. N. McKelvy, deceased was at that time divided between Mrs. Gordon Rogers and Mrs. Kathleen Doeschner and Mrs. Glenn L. Patrick"; and that a copy of the motion and the order of the court in 1951 were attached to the petition.

Except for the record of the previous condemnation proceedings, this is all of the record before us.

On February 28, 1966, after a hearing, the court handed down its order and construed the will to the effect that only the lineal descendents of Mrs. Mildred Angeline McKelvy were entitled to share in the proceeds from the sale of the property. The court ruled out the contentions of the appellants that the 1951 and 1958 condemnation proceedings acted as an estoppel in the instant case to the claims of the lineal descendents. Appellants have assigned error on this order.

On appeal to this court, the appellants by brief only rely on the principles relating to the conclusiveness of judgments, estoppel by judgment and the law of the case in claiming that

the trial court erred in construction of the will and distribution of the proceeds. The record does not contain any pleadings by the appellants setting forth their contentions regarding the aforementioned principles of law. The order of the court merely recites that they made such contentions. In the case of *Prisant v. Feingold*, 169 Ga. 864 (1) (151 SE 799), it was said: "That a plaintiff can not maintain a pending action because the subject-matter thereof had been previously adjudicated in favor of the defendants is a defense which must be set up by special plea, unless the facts on which it is based appear on the face of the petition, and can not in the absence of such plea or the appearance of such facts in the answer, be urged in defense of the pending suit, though it may be predicated on evidence admitted without objection, or even upon the admission by the plaintiff as to such former adjudication." Also it has been the general rule in this State that equitable estoppel must be specially pleaded in the trial court. *Auld v. Schmelz*, 201 Ga. 42 (1) (39 SE2d 39) and cases there cited.

■ Appellants' contention that the law of the case compels the court to rule in their favor is without merit because the rulings relied upon by appellants were those made in an entirely different proceeding, and the law of the case is binding only in the particular case in which such rulings are made.

For the reasons stated above, the court did not err in failing to apply the principles relied upon by the appellants.

*Judgment affirmed. All the Justices concur.*