### 60603, 60604. HARRIS & TILLEY, INC. et al. v. FIRST NATIONAL BANK OF CARTERSVILLE (two cases).

Birdsong, Judge.

These appeals arose from the trial court's confirmations of sales held by appellee First National Bank of Cartersville under two deeds to secure debt by appellants. The cases were heard together by the trial court and appellants enumerate five identical errors in each case.

In 1975, the appellee bank loaned $106,200 and $60,300 to C. J. Harris & Mack Tilley, Inc. Messrs. Harris and Tilley personally endorsed the notes. The corporation executed to the bank two deeds to secure debt as collateral for the obligation. The evidence shows that from time to time the corporation sold certain lots or acreage of the secured land to third persons, that the corporation paid the bank certain release amounts and the bank released the property. However, formal releases and quitclaims do not appear of record for

all of the property the bank contends was released. Appellants defaulted on the obligation.

In July, 1979 the bank advertised the property for sale under power of sale, and sold it, but the trial court found the advertisement of the sale was inadequate, refused to confirm the sale, and ordered a re-sale. The instant confirmations, which are the subject of these appeals, were granted after the re-sale in December, 1979. The trial court found that in both sales under both deeds to secure debt, the property was properly advertised; that the property sold brought its true market value; that the property excepted from the deeds to secure debt was that conveyed to third parties by the corporation by warranty deed signed by Messrs. Harris and Tilley as officers of the corporation, and that "the defendants cannot complain that the bank did not attempt to foreclose on property voluntarily conveyed to third parties by the defendants." *Held:*

1. Appellants contend the trial court erred in holding that the notices and advertisements were legal and proper and that the property brought its true market value in the December, 1979 sale. This enumeration, in each case, is without merit. The evidence shows that all the property held by the bank under the deed to secure debt which had not been previously sold was advertised for sale and no property not so held was included in the advertisement. Appellants show no evidence and do not contend that in fact any of the property advertised and sold had previously been conveyed to third persons, or that any of the property not sold at the sale had never been released from operation of the security deed. The advertisements were therefore not defective or inadequate. *Norwood Realty Co. v. First Fed. Savings & Loan Assn.,* 99 Ga. App. 692 (3), 695 (109 SE2d 844).

The evidence supports the finding that the property sold for its true market value. A qualified real estate appraiser testified on behalf of the bank that based on his experience in the sale of similar, proximate property, and on his analysis of comparative sales, the two parcels containing 45 acres and 51 acres had a fair market value in December, 1979 of $1,000 per acre. The two parcels were sold in foreclosure for $45,000 and $51,000 respectively. The opinion of the appraiser was not based on sheer speculation, *Peachtree Mtg. Corp. v. First National Bank,* 143 Ga. App. 17, 19 (237 SE2d 416), and its competence was not diminished by the fact that he verbally gave this appraisal to the bank. There is no requirement that the appraisal be written up in a formal document. The appellants, moreover, presented no evidence as to fair market value except statements as to what the corporation originally paid for the land, what the individual endorsers "felt like" the property should have sold for, and what the corporation had been offered for certain isolated lots in the past.

Such evidence is not competent to show fair market value on the date of the sale. The evidence presented by the appellee bank was sufficient to show fair market value on the date of the sale and consequently, sustains the finding of the trial court. *Scroggins v. Harper,* 138 Ga. App. 783 (227 SE2d 513).

2. Appellants contend on procedural grounds that the trial court erred in overruling appellants' traverse of service as to the corporate respondent. The trial court did not err. The evidence clearly supports a finding that the corporation was properly served. The appellants do not deny it, nor do they contend or show that the corporate appellant was prejudiced in any way by the process server's failure to endorse the service of process on the process form, and the amendation of it at trial. Code Ann. § 81A-104 (h).

3. Appellants argue that the trial court committed an abuse of discretion in requesting or requiring a second hearing on the confirmation with more evidence to be presented, and in overruling appellants' objections to that second hearing. We disagree. The request for and presentation of more evidence in a non-jury trial is a matter of the trial court's discretion (see *Dimmick v. Pullen,* 120 Ga. App. 743, 744 (172 SE2d 196)). Both parties had adequate notice and equal opportunity to participate in the hearing and to present evidence.

4. The trial court did not err in denying appellants' motion to dismiss the confirmation suit on appellants' plea of abatement. Appellants argue that because the trial court did not formally dismiss the confirmation case arising from the first foreclosure sale in July, but instead ordered a re-sale, the original confirmation case was still pending and the present or second confirmation proceeding could not be held. Ostensibly in the same context, appellants contend the second sale was a sale the validity of which was created solely by court order and thus was not a sale under power of the deeds to secure debt; ergo the power of sale is granted only once and the second sale was without authority. These arguments merit little reply. The prior confirmation was not a pending action when the instant sale was held and this proceeding instigated below. The order of re-sale voided the first sale; it was a denial of confirmation of the first sale and was the end of the proceeding. Code Ann. § 67-1505 authorizes the court to order a re-sale, *Homes of Tomorrow v. Federal Dep. Ins. Corp.,* 149 Ga. App. 321, 322 (254 SE2d 475); and where one is held it is the sale under power of the deed and it proceeds under Code Ann. § 67-1503.

5. Finally, appellants contend the trial court erred in confirming the sale respectively as to the corporate defendant and as to each of the two individual endorsers of the notes. Since neither Mr. Tilley nor Mr. Harris signed a consent or endorsement to the bank's

release of those parcels released at the request of the corporation from the operation of the security deeds, it is contended that such land was not released as to them personally, and should have been included with that sold under foreclosure; and since the releases without their consent impaired their security for the debt, they were discharged of any liability thereon. Appellants contend that inasmuch as this acreage was not released as to Mr. Tilley and Mr. Harris, the bank could not sell part of the land covered by the security deeds but must sell it all or be confirmed as to none, citing *McDuffie v. Merchants Bank,* 168 Ga. 231, 234 (147 SE 111).

These matters, however, are not relevant to the confirmation proceeding, even assuming any of the appellants had a meritorious defense to the prosecution of a deficiency judgment against them. The confirmation proceeding is a statutory proceeding which by law determines only that the sale was properly advertised and brought the fair market value of the land. It originated as a means of protecting the debtor from being subject to double payment in cases where the property was purchased for a sum less than its fair market value. *Goodman v. Nadler,* 113 Ga. App. 493, 496 (148 SE2d 480); it provides an opportunity for debtors (including endorsers of the obligation) to contest the approval of the sales before claims for the balance of the indebtedness can be prosecuted against them. *First Nat. Bank & Trust Co. v. Kunes,* 230 Ga. 888, 889 (199 SE2d 776). The duty of the trial court is to test the fairness of the technical procedure of the actual sale and to insure that it brought at least the true market value; the statute does not undertake to decide controversies between parties as to the amount of the debt, side agreements, or matters in defense of default or in denial of indebtedness, or which might have been the basis of an injunction preventing the foreclosure sale. *Jones v. Hamilton Mtg. Corp.,* 140 Ga. App. 490, 491 (231 SE2d 491); *Scroggins,* supra; Weems v. McCloud, 619 F2d 1081, 1086. The creditor bank in this case had a right to foreclose on the part of the land not released but still covered by the security deed, *Norwood,* supra; indeed it could not lawfully sell under foreclosure land that it had released. The confirmation judgment is not a personal judgment and it does not adjudicate the title of the property sold. *Wall v. Federal Land Bank,* 240 Ga. 236 (240 SE2d 76); Weems, supra. Except as to the confirmed amount of the sale, it does not establish the liability of any party with regards to the indebtedness. The trial court correctly refused to dismiss the confirmation suit on grounds that the unsold property had not been released with consent of the endorsers; nothing that was released was sold in the foreclosure sale, and all that was sold was what remained under operation of the deeds to secure debt. The property was fairly advertised and sold for its fair

market value, and confirmation was correct.
*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 12, 1981.

*Marson Dunaway,* for appellants.
*David Archer,* for appellee.