## 63650. HARRIS et al. v. FIRST NATIONAL BANK OF CARTERSVILLE.

McMurray, Presiding Judge.

Following the foreclosure of two deeds to secure debt as collateral for obligations, the same being under the power of sale contained in the deeds, the First National Bank of Cartersville obtained confirmation. Therein, the trial court held the property was fairly advertised and sold for its fair market value, and the sales under both deeds to secure debt were confirmed. On appeal to this court in *Harris & Tilley, Inc. v. First Nat. Bank,* 157 Ga. App. 88 (276 SE2d 137), the judgment of confirmation was affirmed.

Thereafter, First National Bank of Cartersville, as plaintiff, sought in three counts a verdict and judgment for the deficiencies jointly and severally against the defendants as makers of the notes, as well as accrued interest and additional interest until date of judgment. The action involved three separate loan transactions to the corporate defendant, two of which were secured by real estate, and one transaction was unsecured. All three notes were personally endorsed by the individual defendants, Harris and Tilley (the unsecured note by a separate guaranty of payment). The defendants had defaulted on all three notes. The real estate held as collateral, under both deeds to secure debt, after giving notice was foreclosed. The value at the sale was confirmed, and the instant action is to collect the deficiency balances on the two secured notes and the unpaid balance on the unsecured note.

The defendants answered denying the indebtedness due, contending, however, the bank had, without the consent of the individual defendants, released property held by the bank under the deeds to secure debt thereby impairing the security of the loan and released the endorsers; the failure of the bank to subject all of the property pledged released the corporate defendant and individual defendants from liability on the notes because it impaired the security for payment thereof by the bank which still held title to property to pay the indebtedness. The defendants further answered that the plaintiff defaulted in the deeds to secure debt "in that it failed and refused to release and quitclaim property under the terms thereof."

Counterclaims were sought by both the individual defendants and by the corporate defendant. The counterclaim of the corporation was that the failure of the plaintiff to release the property as set out therein when requested by that defendant damaged it. This failure and refusal was in bad faith and for the purpose of causing the defendant corporation to be unable to meet its obligations to plaintiff

thereby enabling plaintiff to foreclose upon said deeds to secure debt and purchase said property at less than its worth at said foreclosure sale. (We note here that the confirmation of sale has been affirmed in *Harris & Tilley, Inc. v. First Nat. Bank,* 157 Ga. App. 88, supra.) The counterclaims of the individual defendants were that the plaintiff had agreed to release and quitclaim property from the lien of the deeds to secure debt, had agreed to furnish financing to the corporate maker and endorsers of the notes and that they depended on the performance of these pledges by the plaintiff in making the endorsements on the said notes. When the plaintiff subsequently failed and refused to honor either of the pledges, and as a result caused the defendant corporation to be unable to meet its obligations under the notes sued on, this caused the reduction in value of the property given as security for payment of said notes and damaged the defendants in the amounts here sought against the plaintiff. The individual defendants also defended the action by contending that the release of the property held under the deeds to secure debt without their consent impaired the security of the loan and released them as endorsers. Thus, the failure to subject all of the property pledged for payment of the obligations, the subsequent exercise of its power of sale and confirmation of said sales released the corporate defendant and individual defendants from liability on the notes because of the impairment of the security for payment thereof by the plaintiff.

After discovery all parties moved for summary judgment. By agreement, stipulation and waiver, a consolidated hearing was eventually held with reference to consideration of all pleadings, depositions, affidavits and other papers. In the consolidated order on the motions for summary judgment of both plaintiff and the defendants the court set forth that the defendants agree that they are liable on Count 3 of plaintiff's complaint and plaintiff's motion for summary judgment as to Count 3 (the unsecured note) was granted. As to Counts 1 and 2 of the complaint the court then found that "any releases of collateral by the Plaintiff of real property described in the two deeds to secure debt were not an unlawful impairment of collateral or security, but were in accordance with the release clauses contained in the security instruments themselves." After setting forth certain facts the trial court held the individual defendants were "estopped by silence as a matter of law, to assert the defense of impairment of collateral or security, when they requested the release of collateral or security in their corporate capacities," citing *C. & S. Nat. Bank v. Yeager Enterprises,* 247 Ga. 797, 799 (279 SE2d 674), revg., s.c., 156 Ga. App. 341 (274 SE2d 730), and followed in s.c., 159 Ga. App. 437 (283 SE2d 900); and "the prices received on foreclosure

of the two deeds to secure debt were the property's fair market values," citing *Harris & Tilley, Inc. v. First Nat. Bank,* 157 Ga. App. 88, supra. Plaintiff's motion for summary judgment "in connection with Defendant's claim that Plaintiff did not sell all of the property subject to the deeds to secure debt of foreclosure" was granted "because such property was that of the Board of Education of Bartow County at the time of foreclosure." Defendants' joint motion for summary judgment was denied. However, plaintiff's motion to strike and motion for summary judgment were denied "on the issues of whether the Plaintiff breached the release clauses contained in the deed to secure debt by refusing to release property upon the tender of the agreed price per acre, whether this resulted in damages to the three defendants or their release as endorsers on the two promissory notes involved."

The defendants appeal alleging error in the denial of their motion for summary judgment and in sustaining and granting in part the plaintiff's motion for summary judgment. *Held:*

We note this action involves one to recover the deficiency balance on two secured notes following foreclosure and confirmation of the sale of the collateral and also for the unpaid balance due on a third unsecured note. The making of the notes, as individually endorsed, secured by the real estate, and the unsecured note, individually guaranteed; the default; notice; foreclosure; and confirmation (affirmed by this court) are all undisputed. The trial court in the confirmation proceeding, affirmed by this court, as well as in the case sub judice, determined the fair market value of the property sold under the power of sale and received at that sale, hence the property sold for its true market value. See in this connection *Harris & Tilley, Inc. v. First Nat. Bank,* 157 Ga. App. 88, supra. However, the defendants' answer denies the amount of indebtedness as claimed in the suit as due ($60,005.50 and accrued interest in Count 1; $6,508.72 and accrued interest in Count 2; and $12,266.81 and accrued interest in Count 3). Nevertheless, the uncontradicted affidavit of the credit officer of the plaintiff bank shows the same to be true and correct and within the personal knowledge of the affiant as sworn to therein.

1. As found by the trial court with reference to the unsecured note, there is no argument here that the evidence establishing same was incorrect; hence we must affirm the judgment as to this issue. It appears that the defendants do not contest this finding by the court that "the Defendants are liable" as to Count 3.

2. The court did not err in its determination that the prices received on foreclosure of the two deeds to secure debt were the properties' fair market values. See *Harris & Tilley, Inc. v. First Nat.*

*Bank,* 157 Ga. App. 88, supra.

3. Any releases of real property by quitclaim deed by the plaintiff bank was not an unlawful impairment of collateral or security but were in accord with the release clauses contained in the instruments; and the officers of the corporation who personally endorsed the two secured notes and presented the quitclaim deeds to the bank to obtain the releases of the property as corporate officers executed the warranty deeds. Thereafter, in remaining silent and not objecting to the bank releasing the property from the secured collateral but on the contrary having sought the releases "by their silence . . . [the endorsers (defendants)] are estopped as a matter of law from asserting defenses of which they then had knowledge." *C. & S. Nat. Bank v. Yeager Enterprises,* 247 Ga. 797, 799, supra. See also the discussion of estoppel by silent acquiescence found in *National Duck Mills v. Catlin & Co.,* 10 Ga. App. 240, 246 (73 SE 418). While the facts of the above cases are somewhat different, nevertheless, the estoppel question is the same.

With reference to the defendants' argument as to the pleading issue we find the plaintiff was not required to respond to the defendants' answer. An estoppel could be raised as an exception to the general rule that it must be pleaded. See *Potts v. Levin,* 113 Ga. App. 4, 6 (4) (147 SE2d 1); and *Doeschner v. Wilson,* 222 Ga. 269, 272 (149 SE2d 659), which are inapplicable here. This case is controlled by an exception to the general rule as found in *Auld v. Schmelz,* 201 Ga. 42, 45 (1) (39 SE2d 39), which sets forth the exceptions, and particularly that the plaintiff is not required to plead estoppel (by replication) to defeat a defense raised by a defendant in an answer. See Code Ann. § 81A-107 (Ga. L. 1966, pp. 609, 618; 1967, pp. 226, 230).

4. Where land was conveyed by deed subject to reverter at a later date it was not subject to the security deed at foreclosure even though in the release there was a clause that if it ever was reconveyed to the grantor it would again become subject to the deed to secure debt. This involves land released to the Bartow County Board of Education. Evidence was also produced that since the board of education as an innocent purchaser for value and did not know to whom it should make payments due to this litigation, it brought a bill of interpleader, and these payments were awarded to the defendant corporation, and the claims of the plaintiff in the case sub judice were denied. As plaintiff under the power of sale contained in the two deeds to secure debt sold all the property that remained in its name at the time of foreclosure, it could not sell property previously released to innocent purchasers for value. Consequently, there was no impairment of collateral in the sale.

5. As to the defendants' claim that the plaintiff had refused to release certain property whether before or after the defendants became in default, it is noted that the trial court denied plaintiff's motion for summary judgment as to this issue, and this issue remains unappealed at the time as to "whether the Plaintiff breached the release clauses contained in the deed to secure debt by refusing to release property upon the tender of the agreed price per acre," and as to the resulting damage, if any. The trial court did not err in granting the partial motion for summary judgment in favor of plaintiff and in denying defendants' motion for summary judgment.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JUNE 17, 1982 —
REHEARING DENIED JULY 13, 1982.

*Marson G. Dunaway, Jr.,* for appellants.
*David Archer,* for appellee.