A01A0491. DORSEY et al. v. MANCUSO.
(547 SE2d 787)

ELLINGTON, Judge.

Dorothy S. Dorsey, as administrator of the estate of Carrie E. Colclough, along with the heirs of Colclough (collectively "Dorsey") filed suit against Peter B. Mancuso seeking to set aside the sale of certain real property of the estate. In ruling on Mancuso's motion for summary judgment, the trial court concluded that Dorsey's action sought to relitigate matters decided in the earlier nonjudicial foreclosure proceeding. The trial court therefore found Dorsey's action was

---

[22] *People v. Vigil*, 758 P2d 670, 673 (Colo. 1988).
[23] See *Myrick v. State*, 155 Ga. App. 496, 499 (4) (271 SE2d 637) (1980).

barred by the doctrines of res judicata and/or collateral estoppel and granted Mancuso's motion. For the reasons which follow, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may meet its burden in moving for summary judgment by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in the light most favorable to Dorsey, the record shows that, at her death, Carrie Colclough owned real property located at 120 Church Street in Fayette County. In accordance with Carrie Colclough's will, the probate court appointed Charles E. Colclough the executor of the estate.

Carrie Colclough's will authorized the executor, inter alia, to borrow money and to secure any indebtedness by mortgaging or conveying any property of the estate. Charles Colclough borrowed $21,397 from Mancuso and, with no indication of his representative capacity, executed a security deed for 120 Church Street to secure the note.

After Charles Colclough defaulted, Mancuso advertised the property for sale under power, as authorized by the security deed. The notice stated that the property to be sold was owned by "the Estate of Carrie Elizabeth Colclough by Charles B. Colclough, as Executor." At the auction, Mancuso submitted the only bid and purchased the property for $35,000. Thereafter, Mancuso filed a report of nonjudicial sale and petition for confirmation of the sale, pursuant to OCGA § 44-14-161.

After a hearing, the trial court found that the foreclosure advertising notice was legally adequate, that the foreclosure proceeding was properly conducted, and that the amount Mancuso paid exceeded the fair market value of the property. The trial court confirmed the nonjudicial sale of the property. Charles Colclough's appeal of the order confirming the sale was dismissed by this Court as untimely.

Dorsey contends the trial court erred in concluding that her action sought to relitigate matters decided when the trial court confirmed the nonjudicial foreclosure. In the complaint, Dorsey alleged that Charles Colclough executed the security deed in his individual capacity, rather than as executor of Carrie Colclough's estate. Dorsey contends Charles Colclough, as an heir at law and devisee of Carrie Colclough, had "an assignable right" in the property. Therefore,

according to Dorsey's theory, when Charles Colclough executed the security deed, without noting his representative capacity as executor of the estate of Carrie Colclough, he granted Mancuso a security interest only in his "expected inheritance."

Citing *Harris & Tilley, Inc. v. First Nat. Bank of Cartersville*, 157 Ga. App. 88, 91 (5) (276 SE2d 137) (1981), Dorsey contends the trial court was not authorized to adjudicate this issue as to the title during a confirmation proceeding under OCGA § 44-14-161. In *Harris & Tilley*, we held:

> The confirmation proceeding is a statutory proceeding which by law determines only that the sale was properly advertised and brought the fair market value of the land. It originated as a means of protecting the debtor from being subject to double payment in cases where the property was purchased for a sum less than its fair market value. . . . The duty of the trial court is to test the fairness of the technical procedure of the actual sale and to insure that it brought at least the true market value; the statute does not undertake to decide controversies between parties as to the amount of the debt, side agreements, or matters in defense of default or in denial of indebtedness, or which might have been the basis of an injunction preventing the foreclosure sale. . . . The confirmation judgment is not a personal judgment and it does not adjudicate the title of the property sold. Except as to the confirmed amount of the sale, it does not establish the liability of any party with regards to the indebtedness.

(Citations omitted.) 157 Ga. App. at 91 (5).

The purpose of the summary confirmation proceeding is "to protect debtors from deficiency judgments when the forced sale of their property brings less than the fair market value." *Commercial Exchange Bank v. Johnson*, 197 Ga. App. 529, 530 (1) (398 SE2d 817) (1990). Therefore, by law, a confirmation proceeding is limited to determining whether the sale was properly advertised and brought the fair market value of the land. *Harris & Tilley*, 157 Ga. App. at 91-92 (5); see also *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236, 237 (1) (240 SE2d 76) (1977); *Kong v. Shearson Lehman Hutton Mtg. Corp.*, 211 Ga. App. 93, 95 (438 SE2d 132) (1993); *Alexander v. Weems*, 157 Ga. App. 507-508 (1) (277 SE2d 793) (1981).

Under the doctrine of res judicata, a judgment of a court of competent jurisdiction is conclusive between the parties to the action and to their privies "as to all matters put in issue or which might have been put in issue" in the action in which the judgment was rendered.

*Turner v. Butler*, 245 Ga. App. 250, 251 (1) (537 SE2d 703) (2000). "The doctrine of collateral estoppel applies when an issue of fact or law is actually litigated, is determined by a valid judgment, and that determination is essential to the judgment." (Footnote omitted.) *Fleming v. Fleming*, 246 Ga. App. 69, 71 (539 SE2d 563) (2000). Based on the authorities cited above, we conclude that the issues regarding whether the security deed executed by Charles Colclough could and did secure his personal debt with an undivided interest in estate property could not have been put in issue and determined in the confirmation proceeding. Consequently, the trial court's grant of summary judgment must be reversed.

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED APRIL 17, 2001.

*Howard G. Slade*, for appellants.
*C. Terry Blanton*, for appellee.