## A11A0216. FRANKLIN v. FIRST GEORGIA BANKING COMPANY.
### (712 SE2d 642)

DOYLE, Judge.

This case arises from an application for confirmation of three foreclosure sales filed pursuant to OCGA § 44-14-161 by First Georgia Banking Company ("First Georgia") against Stanley Franklin. Franklin appeals the trial court's final order confirming the sales in the amounts of $170,000, $48,000, and $300,000. He argues that the trial court erred by finding that the properties sold for their true market value because no evidence was introduced showing that a foreclosure sale ever took place or what prices were received for the properties at the alleged sales. For the reasons that follow, we reverse.

> In a confirmation proceeding, the trial court sits as the trier of fact, and its findings will not be disturbed on appeal if there is any evidence to support them. Further, on appellate review, we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment.[1]

So viewed, the record reveals that First Georgia filed a report for confirmation of sale under power on February 1, 2010. The report stated that "[o]n the first Tuesday in January 2010," First Georgia auctioned three properties to which Franklin had signed deeds to secure debt in favor of First Georgia. The report contended that after Franklin defaulted on the notes, First Georgia thereafter foreclosed

---

[1] (Punctuation omitted.) *131 Ralph McGill Boulevard, LLC v. First Intercontinental Bank*, 305 Ga. App. 493 (699 SE2d 823) (2010).

on the property under a power of sale provision in the deed to secure debt. The report contended that the three properties, known as the "Wells Drive Property," the "Nashville Street Property," and the "Dixie/Douglas Road Property" sold for $170,000, $48,000, and $300,000 respectively. In the report, First Georgia asked the trial court to confirm the sales and find that the properties sold for true market value.

At the confirmation hearing, First Georgia presented the publisher's affidavits and copies of published notices of sale under power for the three properties as well as the testimony of two real estate appraisers. The parties did not stipulate to advertisement, notice, or regularity of the sale. At the close of First Georgia's case, Franklin argued that the sales should not be confirmed because, among other things, there was no competent record evidence that the sales occurred or that the sales were regular. After a hearing, the trial court confirmed the sales, finding that the sales were properly handled and that true market values for the properties were $170,000, $48,000, and $300,000.

Franklin argues that the trial court erred by finding that the properties sold for their true market value because no evidence was introduced as to the regularity of the sales, no evidence was introduced showing foreclosure sales ever took place, and no evidence was introduced regarding the actual prices received for the properties at the alleged sales. Franklin contends that First Georgia produced only the notices of sale under power for the properties and the testimony of two appraisers, who provided evidence of the market value of the properties, but First Georgia failed to produce competent evidence as to the occurrence or outcome of the sales. We agree and reverse.

OCGA § 44-14-161, the statute governing nonjudicial foreclosures, provides:

> (a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.
>
> (b) The court shall require evidence to show the true market value of the property sold under the powers and

shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.

(c) The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and *at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale.* The court may order a resale of the property for good cause shown.[2]

The confirmation statute requires the trial court to determine whether the sale under power was properly executed.[3] Here, the trial court's determination as to the regularity of the sales is not supported by any competent evidence in the record.[4] Although the report to the judge contained allegations of fact concerning the sales, the report was not verified and not supported by testimony or other evidence at the hearing. Although First Georgia's attorney stated that the properties sold for $170,000, $48,000, and $300,000, this statement was not competent evidence.[5]

*Judgment reversed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JUNE 23, 2011.

*Robert G. McCurry*, for appellant.
*Minor, Bell & Neal, Jonathan Bledsoe*, for appellee.

---

[2] (Emphasis supplied.)

[3] See OCGA § 44-14-161 (c).

[4] Cf. *McInnis v. Community Bank & Trust*, 306 Ga. App. 436, 437-438 (702 SE2d 734) (2010) (holding that the bank failed to present competent evidence that the sale under power was properly advertised). Compare *Pine Grove Builders v. SunTrust Bank*, 307 Ga. App. 764 (2) (706 SE2d 129) (2011) (holding that sufficient evidence supported the trial court's confirmation of the sale under power because the bank produced testimony that the sale occurred from an eyewitness to the sale).

[5] (Punctuation and footnote omitted.) *Belans v. Bank of America*, 303 Ga. App. 35, 39 (2) (692 SE2d 694) (2010) ("[A]ttorneys are officers of the court and their statements in their place, if not objected to, serve the same function as evidence. But this principle cannot be extended to convert otherwise incompetent hearsay into competent evidence"). Compare with *Winstar Development v. SunTrust Bank*, 308 Ga. App. 655, 662 (3) (708 SE2d 604) (2011) (physical precedent only) (attorney's testimony that she witnessed a foreclosure sale was sufficient to support trial court's determination that sale occurred).