**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 4, 2013**

# In the Court of Appeals of Georgia

A12A1861. SUGARLOAF PLAZA, LLC. et al v. TOUCHMARK   DO-085
    NATIONAL BANK et al.

DOYLE, Presiding Judge.

This appeal arises from the trial court's order confirming a sale under power[1] of certain Gwinnett County property instigated by Touchmark National Bank and TMAK Properties, LLC (collectively "Touchmark"), after Sugarloaf Plaza, LLC, the borrower on the underlying note, and Alan Ahlzadeh, Barham Ahlzadeh, and Dennis Ahlzadeh, each guarantors (collectively "Sugarloaf"), failed to repay the deed to secure debt on the property.[2] Sugarloaf appeals, challenging the confirmation order because Touchmark failed to admit a certified copy of the deed to secure debt or

---

[1] See OCGA § 44-14-161.

[2] Defendant Jay Parekh is not a party to this appeal.

evidence that a default occurred and thereby triggered Touchmark's power to foreclose. For the reasons that follow, we affirm.

"The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them. Furthermore, we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment."[3]

In the event that a non-judicial foreclosure sale does not bring the amount owed under a secured instrument, OCGA § 44-14-161 sets forth the confirmation procedure that a person instituting a foreclosure proceeding must follow in order to obtain a deficiency judgment on the remainder against the debtor.[4] OCGA § 44-14-161 (a) requires that the lienholder report the sale to the superior court of the appropriate county within 30 days and petition that court for confirmation of the sale.[5] The Code section requires that the court conduct a hearing on the petition and "require evidence to show the true market value of the property sold under the powers and shall not

---

[3] (Punctuation omitted.) *Greg A. Becker Enterprises, LTD v. Summit Investment Mgmt. Acquisitions I, LLC*, 314 Ga. App. 721 (725 SE2d 841) (2012).

[4] See OCGA § 44-14-161 (a).

[5] See id.

confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale."[6] In addition to the showing of true market value, the court "shall also pass upon the legality of the notice, advertisement, and regularity of the sale."[7]

1. Sugarloaf argues that the trial court erred by confirming the foreclosure sale because Touchmark failed to admit into evidence a certified copy of the deed to secure debt.

> OCGA § 44-14-161 (c) requires the trial court to pass on the legality of the notice, the advertisement, and the regularity of the sale. When a power of sale is exercised all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith.[8]
>
> The duty of the court is to test the fairness of the technical procedure of the actual sale and to insure that the sale has brought at least the true market value of the property. The statute does not contemplate that the court shall undertake to decide controversies between the parties as to

---

[6] OCGA § 44-14-161 (b).

[7] OCGA § 44-14-161 (c).

[8] (Punctuation omitted.) *Winstar Dev., Inc. v. Suntrust Bank*, 308 Ga. App. 655, 662 (3) (708 SE2d 604) (2011) (physical precedent only), citing *Hudson Trio, LLC v. Buckhead Community Bank*, 304 Ga. App. 324, 329 (3) (696 SE2d 372) (2010).

the amount of the debt or side agreements which could have been the basis of an injunction preventing the foreclosure sale. Issues which go to the heart of the underlying obligation itself should be raised within the confines of a subsequent suit for a deficiency judgment.[9]

Pretermitting the issue of whether the trial court erred by overruling Sugarloaf's objection to admission of a non-certified copy of the deed to secure debt, Sugarloaf has not shown error to support reversal of the trial court's order confirming the sale. Sugarloaf argues that without an admissible copy of the deed to secure debt, the trial court was not able to confirm the sale because (1) the court could not determine whether the sale met the requirements of the document; (2) the court could not determine whether the entity conducting the sale was the appropriate party in interest; and (3) the court could not determine whether the sale was properly advertised. This Court has repeatedly held, however, that issues such as the right to foreclose or those related to the underlying debt are irrelevant to the confirmation proceeding.[10] With regard to issues of notice and advertisement, the attorney who

---

[9] (Citations and punctuation omitted.) *Alexander v. Weems*, 157 Ga. App. 507 (1) (277 SE2d 793) (1981).

[10] See *White Oak Homes, Inc. v. Community Bank & Trust*, 314 Ga. App. 502, 505 (3) (724 SE2d 810) (2012) ("A confirmation proceeding is a limited statutory proceeding in which an assignment issue is not relevant."). See also *McCain v.*

4

conducted the sale provided admissible testimony as to the advertisement, notice, and regularity of the actual sale, supporting documents thereto, including the newspaper advertisement, affidavit of publication, and deed under power of sale, were admitted without objection, and the trial court was authorized to accept that testimony as credible and to rely on the other properly admitted documents to support its confirmation order.[11] Finally, Sugarloaf has failed to advance any argument regarding

---

*Galloway*, 267 Ga. App. 505, 507 (1) (600 SE2d 449) (2004) (issue of whether individual instituting foreclosure was a real party in interest irrelevant to the confirmation proceeding). Cf. *Harris & Tilley, Inc. v. First Natl. Bank*, 157 Ga. App. 88, 91 (5) (276 SE2d 137) (1981) (holding that the trial court properly refused to dismiss confirmation proceedings wherein guarantors challenged the legality of releases issued to borrower covered by original deed to secure debt because the matter was irrelevant to the issue of confirmation).

[11] See *Pine Grove Builders, Inc. v. SunTrust Bank*, 307 Ga. App. 764-766 (2) (706 SE2d 129) (2011) (holding that sufficient evidence supported the trial court's confirmation of the sale under power because the bank produced testimony that the sale occurred from an eyewitness to the sale). Compare with *Franklin v. First Ga. Banking Co.*, 310 Ga. App. 259, 260-261 (712 SE2d 642) (2011) (no competent evidence presented that the sale actually occurred or the outcome of that sale beyond document, which constituted hearsay evidence). Cf. *Winstar Dev., Inc.*, 308 Ga. App. at 662 (3) (physical precedent only) (holding that attorney's testimony that she witnessed sale was competent evidence to establish regularity of sale and nothing in the statute required a trial court to deny confirmation if no deed under power of sale was admitted into evidence).

5

how the advertisement, notice, or sale were defective or irregular in contravention of the other properly admitted evidence.[12]

2. Sugarloaf argues that the trial court erred by confirming the foreclosure sale because Touchmark failed to provide sufficient evidence of a default necessary to trigger the power of sale. This issue, however, is irrelevant to a confirmation proceeding.[13]

*Judgment affirmed. Andrews, P .J. and Boggs, J., concur.*

---

[12] See *White Oak Homes*, 314 Ga. App. at 505-506 (4).

[13] See *Hamilton Mtg. Corp. v. Bowles*, 142 Ga. App. 882, 884 (3) (237 SE2d 198) (1977).

6