44840.  GOOCH v. SEABOARD COAST LINE RAILROAD
COMPANY.

ARGUED OCTOBER 8, 1969—DECIDED JANUARY 8, 1970.

*J. Lundie Smith, Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellant.

*Alexander, Vann & Lilly, Frank T. Holt, William U. Norwood,* for appellee.

QUILLIAN, Judge. Counsel for the plaintiff contends that the order appealed from erroneously placed the burden upon the plaintiff of showing that the documents sought were not protected by the "work product exception." It is further urged that the plaintiff's affidavit which recites "that the statements sought were taken shortly after the collision" and "that information of such quality is not now available to the plaintiff" was sufficient to require as a matter of law that the information sought be produced.

We agree with counsel that there is no burden upon the movant to show that items sought under Section 34 of the Civil Practice Act are not privileged or not within the attorneys' work product. Wilson v. David, 21 F.R.D. 217, 219. See in this connection *Reynolds v. Reynolds,* 217 Ga. 234, 240 (123 SE2d 115). In fact, although there is some conflict in the Federal cases regarding this matter, the only requirement as set forth by the statute is that the movant show "good cause" for the production of the documents sought. See *Sorrells v. Cole,* 111 Ga. App. 136, 141 (141 SE2d 193); *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144, 154 (141 SE2d 112); United Airlines, Inc. v. United States, 26 F.R.D. 213, 216 and 217.

However, this does not mean that the plaintiff was entitled as a matter of law to the information sought. The trial judge has certified to this court that "during the hearing on said motion certain facts were stated by defendant's counsel which were considered by me in passing upon the motion." Thus, without determining whether the plaintiff's affidavit per se would entitle him to prevail, in this court the burden was upon the appellant to demonstrate that there were no grounds on which the trial judge might have found a lack of good cause. As was held in *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 225 (156 SE2d

476), we must presume that there were facts before the judge of a nature ample to support his finding and judgment. On the record before us, we cannot conclude that the trial judge erred in refusing to allow discovery as to the items which the plaintiff enumerates as error.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*