58498. WINDLAND COMPANY et al. v. FEDERAL DEPOSIT INSURANCE CORPORATION.

DEEN, Chief Judge.

The appellee FDIC, following its appointment as receiver of the assets of the Hamilton National Bank of Chattanooga in the U. S. District Court for the Eastern District of Tennessee, exercised a power of sale in a deed to secure debt to certain DeKalb County real estate by the grantor Windland Company. Confirmation of the foreclosure sale was applied for in and granted by the U. S. District Court for the Northern District of Georgia. The present action for deficiency judgment was then filed in the Superior Court of DeKalb County. The appellee applied for and obtained a summary judgment from which Windland Co. and its guarantor Hanes appeal. *Held:*

1. Code § 67-1503 requires, when real estate is foreclosed on and sold under power without legal process, that "no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days of such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, and obtains an order of confirmation and approval thereon." The U. S. District Court for the Northern District of Georgia in its Confirmation Order No. C77-914A dated December 13, 1977, held that "federal jurisdiction exists over confirmation proceedings by Ga. Code § 67-1503 . . . despite language in the Georgia statute specifically requiring that the report of the foreclosure sale be made to the judge of the Georgia Superior Court of the county where the land lies," citing FDIC v. Honea, 440 FSupp. 1064. In that case federal jurisdiction of a proceeding seeking a confirmation after foreclosure sale was challenged. The court held that the federal court had jurisdiction despite the language of Code § 67-1503 limiting it to superior courts of counties where the real estate is situated, because FDIC was a party and because

the application was a civil action to wind up the affairs of an insolvent national bank. It further held, citing Markham v. City of Newport News, 292 F2d 711 (4th Cir. 1961) that where a state provides a substantive right and attempts to limit the remedy for its enforcement to a proceeding in a state court, the controversy may be adjudicated in any United States District Court which would otherwise have jurisdiction had such restriction not been placed thereon. It then held that Code § 67-1503, although requiring a confirmation of sale by the superior court of the county where the land lies as a condition precedent to an action for deficiency judgment should be construed as allowing the confirmation proceedings to be brought in any United States District Court which would otherwise present an available forum. No ruling was made as to the bringing of any subsequent deficiency action.

Insofar as these opinions hold that state courts cannot curtail federal jurisdiction which the latter otherwise possess we are in full agreement. We also agree with the appellee's contentions in its brief that the deficiency judgment action is a suit separate and distinct from the application for confirmation of sale, and note its further statement that "FDIC could have brought the deficiency action in . . . federal court."

What we do not agree with is that a federal court can legislate by construction the statutory requirements for the bringing of an action in the state court. Confirmation of sale need not be, and sometimes cannot be, followed by an action for deficiency judgment, but a successful deficiency judgment action in a state court must, as a condition precedent, be founded on a confirmation order signed by a superior court judge of the superior court in which the land lies.

The Honea case, supra, goes so far as to admit by addendum that "it appears that, in some cases, a local trial judge in the county in which the land lies may, in fact, be better equipped to determine whether a particular sale should be confirmed." Id. p. 1066. We have no quarrel with the district court's analysis of its jurisdiction over confirmation orders, but neither that court nor any other has gone so far as to rule that it may also decide what

conditions the state legislature should require for actions brought within its state court system. The grant of summary judgment was error.

2. It might also be noted that the Honea case, supra, was decided in November, 1977, subsequent to the Georgia Supreme Court Rule 42 which permits Circuit Courts of Appeals of the United States entertaining "propositions of the laws of this State which are determinative of said cause and there are no clear controlling precedents in the appellate court decisions of this State" to certify questions of law to the Georgia Supreme Court. It appears to us that Code § 67-1503 is so clear and emphatic in requiring as a condition precedent a confirmation from the superior court of the county where the land lies that this court feels constrained, in the absence of a directive from the Georgia Supreme Court, to apply the unambiguous language there contained.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED OCTOBER 1, 1979 — REHEARING DENIED OCTOBER 16, 1979 — ▮▮▮▮▮▮▮▮

*James O. Wilson, Jr., Charles T. Autry,* for appellants.

*Thomas E. Prior,* for appellee.