60998. ALEXANDER v. WEEMS et al.

SHULMAN, Presiding Judge.

Appellant brings this appeal from the order of the trial court approving and confirming a foreclosure sale of certain real estate to appellees. We affirm.

1. In his first enumeration of error, appellant contends that the trial court erroneously denied his motion to dismiss on the ground that he is no longer liable as the guarantor of the note, which was secured by the real property.

"[T]he duty of the court is to test the fairness of the technical procedure of the actual sale and to insure that the sale has brought at least the true market value of the property. The statute does not contemplate that the court shall undertake to decide controversies between the parties as to the amount of the debt or side agreements which could have been the basis of an injunction preventing the foreclosure sale." *Jones v. Hamilton Mtg. Corp.,* 140 Ga. App. 490, 491 (231 SE2d 491). See also *Aaron v. Life Ins. Co. of Ga.,* 138 Ga. App. 286 (2) (226 SE2d 96); and *Scroggins v. Harper,* 138 Ga. App. 783 (1) (227 SE2d 513). Issues which go to the heart of the underlying obligation itself should be raised within the confines of a subsequent suit for a deficiency judgment. Since appellant's argument that he is no longer liable on the subject note cannot properly be considered

within the narrow statutory context of confirmation proceedings, the trial court correctly denied appellant's motion to dismiss. See *Scroggins,* supra.

2. Appellant next asserts that the trial court erred in admitting into evidence, over appellant's objection, certain documents establishing appellees' right to foreclose on the subject real estate. Specifically, appellant asserts that appellees failed to lay the proper foundation under Code Ann. § 38-711 for the introduction of the documents as "business records."

The record supports the ruling of the trial court. Several of the documents were clearly admissible as certified copies of deeds which were on file with the trial court. Code. Ann. § 38-641. Appellant himself has admitted in judicio facts tending to establish the foundation for the admission of the other document as a business record. Code Ann. § 38-711. Accordingly, this court will not interfere with the ruling of the trial court admitting the subject documents in evidence.

3. In his third enumeration, appellant contends that the trial court erred in finding that the amount received by appellees for the sale under power of the real estate in question was equal to or greater than the true market value of that real estate.

"In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. [Cits.] What value is, or may have been, is a question of fact to be resolved as others are. In so doing the trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence. [Cits.]" *American Century Mtg. Investors v. Strickland,* 138 Ga. App. 657, 661 (227 SE2d 460). Accord, *Homes of Tomorrow v. Federal Deposit Ins. Corp.,* 149 Ga. App. 321 (254 SE2d 475). The record contains ample evidence supporting the finding of the trial court as to the true market value of the subject real estate. Appellant's third enumeration is consequently unpersuasive.

4. Appellant next enumerates as error the order of the trial court denying him access to certain items of documentary evidence in appellees' possession. We find no error. All but one of the portions of the order limiting or denying appellant's access to the items in question are based upon the established premise that a confirmation proceeding held in accordance with Code Ann. § 67-1503 is extremely narrow in scope — the issues in such proceedings being the evaluation of real estate sold under power as to the date of its sale and the regularity of that sale. See *Jones v. Hamilton Mtg. Corp.,* supra. The other items sought by appellant were arguably relevant to the proper

issues involved in the case. However, the state of the record before us does not justify a reversal of the trial court's decision not to allow discovery of the material sought. The situation here is analogous to that in *Young v. Jones,* 149 Ga. App. 819 (4) (256 SE2d 58). There, the trial court denied the motion for a protective order. This court noted the breadth of a trial court's discretion to permit or deny discovery and held that, in the absence of a transcript of the hearing on the motion for a protective order, this court must assume that the trial court did not abuse its discretion in denying the order. Under just such circumstances in this case, we must assume that the trial court did not abuse its discretion in granting a portion of the motion for a protective order. Another case addressing this point is *Gooch v. Seaboard C. L. R. Co.,* 121 Ga. App. 14 (172 SE2d 435). Although the standard to be applied by the trial court has been changed by amendment of the Civil Practice Act, the requirements for appellate review have not been altered. "[W]e must presume that there were facts before the judge of a nature ample to support his finding and judgment. On the record before us, we cannot conclude that the trial judge erred in refusing to allow discovery . . ." Id., p. 16. Appellant has not carried the burden of showing reversible error in this court.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 11, 1981.

*Ron L. Quigley, Theodore Salter, Jr.,* for appellant.
*Albert Sidney Johnson, Harmon W. Caldwell,* for appellees.