72319. CITY OF ALMA v. MORRIS et al.
(349 SE2d 277)

BEASLEY, Judge.

The city appeals from the judgment entered on a jury verdict in its condemnation proceeding against 23.99 acres of land owned by Morris. OCGA § 22-2-100 et seq.

1. The city contends the trial court erred by not charging the jury to consider consequential benefits. Although two witnesses mentioned consequential benefits, there was no evidence as to such benefits from which the jury could reasonably estimate the amount. In such absence, it was not error to fail to charge thereon. *Andrus v. State Hwy. Dept.,* 93 Ga. App. 827, 829 (3) (93 SE2d 174) (1956); *Continental Corp. v. Dept. of Transp.,* 172 Ga. App. 766, 768 (2) (324 SE2d 588) (1984).

2. Condemnor's assertion of error regarding the testimony of an expert witness must fail where the basis now urged is different from the ground of objection below. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224) (1958); *Steverson v. Hosp. Auth. of Ware County,* 129 Ga. App. 510, 513 (199 SE2d 881) (1973); *Cox v. City of Lawrenceville,* 168 Ga. App. 119, 120 (1) (308 SE2d 224) (1983).

3. Error is assigned to the allowing of four non-expert witnesses of Morris to give their opinion of the value of the condemned land. The city contends the facts necessary to support the testimony were lacking.

The city correctly references the general proposition that where not supported by facts, non-expert opinion testimony is without probative value. *State Hwy. Dept. v. Raines,* 129 Ga. App. 123, 125 (1) (199 SE2d 96) (1973).

In *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 5 (76 SE 387) (1912), the Supreme Court, after summarizing the then existing authority on the question, reached the conclusion "that a witness is qualified to testify to the market value of land, 'if he has had an opportunity for forming a correct opinion.'" (The principle is now expressed in OCGA § 24-9-66). Noting that competency of the witness is for the trial court, the Court then determined: "The witness whose evidence was objected to having testified as to more or less knowledge of the land in controversy and its value, and the market value of other lands in the vicinity of that in controversy, the court did not abuse his discretion in allowing the testimony to go to the jury, to be given such weight as they saw fit."

Applying these principles in *Schoolcraft v. DeKalb County,* 126 Ga. App. 101, 103 (2) (189 SE2d 915) (1972), testimony by the condemnee, appearing as a non-expert witness, was considered. He was "fairly familiar with the value of property in the neighborhood, knew of rental values there, and had heard of sales of properties in said neighborhood, and had talked to tree experts, . . ." This qualified the witness to testify as to property damage and diminution of property value so that it was error to exclude his opinion testimony.

*Varnedoe v. Singleton,* 154 Ga. App. 332 (268 SE2d 387) (1980) contains a succinct statement of the essential requirement and how it may be met. To give an opinion on value the witness must supply

reasons by showing knowledge, experience or familiarity as to value. Testimony that the witness "is familiar with the value of the item in question is sufficient foundation." Id. p. 332.

Having established prior experience and knowledge of the land, the opinion evidence as to value is admissible for determination as to its weight and credit by the jury. *Shipman v. Horizon Corp.,* 151 Ga. App. 242, 243 (259 SE2d 221) (1979) (vacated on other grounds, *Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244) (1980)); *Dept. of Transp. v. Turner,* 148 Ga. App. 354 (251 SE2d 182) (1978). It is no ground for objection if thereafter on cross-examination the witness testifies as to facts which tend to show a lack of knowledge about the facts to which he previously testified on direct. *Toney v. Johns,* 153 Ga. App. 880, 881 (267 SE2d 298) (1980). Even if the value testimony was based on hearsay, it remained admissible. *Millcreek Properties v. Gregory,* 136 Ga. App. 511, 514 (221 SE2d 685) (1975).

Each of the four witnesses showed familiarity with the property in question, knowledge of sales in the vicinity, and consequently knowledge of land values in the community. The cross-examination revelation that there may have been a lack of understanding as to many factors involved in formally determining land value may have served to weaken and discredit the testimony but did not render it inadmissible or incompetent.

4. The city enumerates error on the admission, over objection that it was without foundation, of the condemnee's testimony as to consequential damages.

Failure to reveal other than by bare assertion how the opinion testimony failed to lay the proper foundation renders the enumeration without merit. *Stovall v. State,* 169 Ga. App. 691 (1) (314 SE2d 707) (1984). See *Dept. of Transp. v. Brown,* 155 Ga. App. 622, 623 (271 SE2d 876) (1980).

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs in Divisions 1, 2 and 4 and in the judgment. Deen, P. J., disqualified.*

DECIDED SEPTEMBER 25, 1986.

*Jimmy J. Boatright,* for appellant.
*James D. Hudson,* for appellees.