A90A1209. COMMERCIAL EXCHANGE BANK v. JOHNSON et
al.
(398 SE2d 817)

DEEN, Presiding Judge.

Appellees Max and Betty Johnson executed a promissory note, as makers, to the order of appellant Commercial Exchange Bank, as holder and payee, in the amount of $194,182.20. The note was secured by four separate Deeds to Secure Debt, each deed conveying a separate tract or tracts of land to appellant as grantee. Max Johnson, individually, was grantor in two of the deeds; Shiloh Venture, Inc. ("Shiloh"), of which Max Johnson is Chairman of the Board and primary shareholder, was grantor of one deed; and Johnsoncraft Homes, Trust ("Johnsoncraft"), of which appellees are trustees, was grantor in the fourth deed. Each of the Deeds to Secure Debt contained a "dragnet" clause. In addition to the Deed to Secure Debt, Shiloh also executed a waiver of its rights to notice and hearing.[1]

Appellees defaulted on the note, whereupon appellant properly initiated foreclosure proceedings on the land conveyed to it, pursuant to the powers of sale contained in the four Deeds to Secure Debt. Appellant bid a total of $87,000 for all of the properties being foreclosed. Appellant then filed a timely complaint for confirmation of the foreclosure sale in order to obtain a deficiency judgment against appellees for the difference between the amount of the debt and the amount the land was sold for at foreclosure. The complaint named as defendants Max and Betty Johnson only, and not Shiloh or Johnsoncraft.

The trial court denied appellant's request to confirm the sale of lands conveyed by Shiloh and Johnsoncraft, holding that they were

---

[1] It should be noted, however, that this waiver was invalid, as OCGA § 44-14-162.3 expressly states: "No waiver or release of the notice requirement of Code Section 44-14-162.2 shall be valid when made in or contemporaneously with the security instrument containing the power of nonjudicial foreclosure sale. . . ."

debtors under OCGA § 44-14-161 (c) and should have been named in the complaint to confirm. The trial court also denied confirmation of the sale of the Johnsons' residence, stating that the bank did not offer evidence of that property's fair market value. The trial court did, however, confirm the sale of the parcel conveyed by Max Johnson in the fourth Deed to Secure Debt.

1. In its first enumeration of error, appellant contends that Shiloh and Johnsoncraft were not "debtors" within the meaning of OCGA § 44-14-161 (c) and thus not required to receive notice of the confirmation hearing. We agree and therefore must reverse and remand that part of the lower court's decision regarding the denial of the confirmation of the foreclosure sales of the land conveyed by Shiloh and Johnsoncraft.

OCGA § 44-14-161 requires a confirmation as a condition precedent to an action for a deficiency judgment, *Windland Co. v. Fed. Dep. Ins. Corp.*, 151 Ga. App. 742 (261 SE2d 407) (1979). The purpose of this Code section is to protect debtors from deficiency judgments when the forced sale of their property brings less than the fair market value. See *First Nat. Bank &c. Co. v. Kunes*, 128 Ga. App. 565 (197 SE2d 446) (1973). Accordingly, in this case, the term "debtor" in OCGA § 44-14-161 (c) appears to refer to the debtor on the underlying debt, i.e., the promissory note, as that is the only party against whom the deficiency may be enforced.

Although it has been held that this section protects guarantors and sureties, see *Redman Indus. v. Tower Properties*, 517 FSupp. 144 (N.D. Ga. 1981), our narrow interpretation of "debtor" is inapplicable to guarantors and sureties in circumstances, as in the case sub judice, where the guarantor has limited liability as to the underlying debt. In *Kunes*, supra at 568, this court, construing Code § 67-1503 (now OCGA § 44-14-161), defined debtor to include "all who were presently subject to payment of the debt, or who might be subjected to payment thereof. . . ." On the basis of this language, Shiloh and Johnsoncraft, as grantors of separate Deeds to Secure Debt, were debtors until the foreclosure was complete. However, once the foreclosure on the respective conveyed properties was complete, Shiloh and Johnsoncraft satisfied their obligations as guarantors because their responsibility was limited to the proceeds from the conveyed properties. Since Shiloh and Johnsoncraft had no stake in the deficiency judgment, they were not debtors within the meaning of OCGA § 44-14-161 because, as previously stated, the purpose of this Code section is to regulate deficiency judgments. Therefore, the lower court erred by not confirming the foreclosure sales of the properties conveyed by Shiloh and Johnsoncraft in their respective Deeds to Secure Debt.

2. Appellant contends that the trial court erred by not allowing Jim Smith, the bank's senior vice-president, to testify regarding the

value of the Johnsons' residence unless he could identify the comparable properties he used as the basis of his opinion. We disagree and affirm the lower court's decision on this matter.

A witness does not need to be an expert to testify as to the fair market value of land as long as "he has an opportunity for forming a correct opinion." OCGA § 24-9-66. "To give an opinion on value the witness must supply reasons by showing knowledge, experience or familiarity as to value. Testimony that the witness 'is familiar with the value of the item in question is sufficient foundation.' [Cit.]" *City of Alma v. Morris*, 180 Ga. App. 420, 421 (349 SE2d 277) (1986). Accord *Schoolcraft v. DeKalb County*, 126 Ga. App. 101, 103 (2) (189 SE2d 915) (1972).

Comparing the facts in the case sub judice with those in the line of cases cited, supra, it would seem that a sufficient foundation had been laid to support Smith's opinion of the property's value. Smith testified that he had been in banking for over 21 years and had made thousands of residential construction loans. Additionally, he made a personal examination of the exterior of the home and performed an evaluation of the most recent sales in that subdivision, along with a valuation of the properties that were currently on the market.

It is well settled, however, that " ' "[a]dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court." ' " *Gully v. Glover*, 190 Ga. App. 238, 242 (378 SE2d 411) (1989), accord *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829 (386 SE2d 709) (1989). It is likewise well settled that "[w]hether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is a decision to be made by the trial court, and this decision will not be disturbed absent an abuse of discretion." *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 536 (327 SE2d 761) (1985). Unlike the cases cited, supra, in the instant case, in a bench trial, the court herself was the finder of fact and was in the best position to decide whether a sufficient foundation or basis had been provided and also to determine the weight and credibility of evidence. *Thompson v. Maslia*, 127 Ga. App. 758 (195 SE2d 238) (1972); accord *Alexander v. Weems*, 157 Ga. App. 507 (277 SE2d 793) (1981). The court would presumably give no credence to Smith's testimony absent identification of comparables; thus we find no indication that she abused her discretion in making this determination, and we therefore find no merit in this enumeration.

3. Our holdings, supra, moot the issue raised by appellant's second enumeration of error. This case is remanded for proceedings not inconsistent with the above.

*Judgment reversed and case remanded. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 3. I concur in the conclusion that the enumeration ruled on in Division 2 does not raise reversible error. The reason I concur is because the court as factfinder patently would have discredited it even if the evidence had been admitted by the court as determiner of legal questions. Thus the exclusion was harmless, although precedent such as that cited would allow the opinion evidence. No legal authority is cited for the basis for excluding the evidence. That was the proposition that the comparable sales properties would have to be identified as prerequisite for the expert's opinion on the subject property's value. Instead identity would be ascertainable by cross-examination and, if not forthcoming, would affect the weight and credibility of the expert's opinion. Thus it was legal error to exclude the evidence for the foundational deficiency. The exercise of discretion, when bottomed on misconception of the law, constitutes "abuse."

DECIDED NOVEMBER 8, 1990.

*Robert E. Flournoy III*, for appellant.
*The Nodvin Firm, Marvin P. Nodvin*, for appellees.