**In the Matter of Edward J. WIGGINS, Debtor.**

**Bankruptcy No. 92–52708.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Oct. 27, 1993.

Kirby R. Moore, Macon, GA, for debtor.

Ben F. Easterlin IV, Americus, GA, for Citizens Bank of Americus.

Coleman Tidwell, Macon, GA, Chapter 7 Trustee.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Edward J. Wiggins, Debtor, filed a petition under Chapter 11 of the Bankruptcy Code on September 1, 1992. The case was converted to a case under Chapter 7 of the Bankruptcy Code on October 6, 1992. The Court entered an order of discharge on January 12, 1993. On May 20, 1993, Citizens Bank of Americus filed a proof of claim in Debtor's Chapter 7 bankruptcy case in the amount of $230,-163.38. Debtor filed an objection to the proof of claim on May 26, 1993. The objection came on for hearing on September 20, 1993. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Debtor executed a promissory note and a deed to secure debt dated May 1, 1991, in favor of Citizens Bank. The real property conveyed served as collateral for the loan. After Debtor filed his bankruptcy case, Citizens Bank filed a "Motion for Relief from Automatic Stay and Adequate Protection" on

September 8, 1992. Citizens Bank wanted to exercise its nonjudicial foreclosure rights under the deed to secure debt and state law. The Court granted Citizens Bank's motion by order dated October 21, 1992. The order provided, in part:

The above and foregoing matter having come before the Court on October 21, 1992, and evidence having been heard and considered, the Court announced its findings of fact and conclusions of law in open court. Based on these findings of fact and conclusions of law, it is hereby

ORDERED, ADJUDGED AND DECREED that the stay pursuant to Section 362 of the Bankruptcy Code is modified and lifted in order to permit the Citizens Bank of Americus to foreclose its interest in the real property of Debtor which is the subject of the aforementioned motion securing his debt to the Citizens Bank of Americus and to otherwise exercise all remedies against Debtor to which it is entitled by contract or law.

Citizens Bank foreclosed on its security interest, but did not have the foreclosure sale confirmed by the state superior court. The proof of claim filed by Citizens Bank represents the deficiency after the foreclosure sale. Debtor asserts that Citizens Bank is not entitled to any deficiency because the foreclosure sale was not confirmed by the superior court.

Section 44–14–161(a) of the Georgia Code [1] provides:

**44–14–161. Sales made on foreclosure under power of sale—When deficiency judgment allowed; confirmation and approval; notice and hearing; resale.**

(a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the

---

1. O.C.G.A. § 44–14–161(a) (1982).

superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44–14–161(a) (1982).

"The purpose of the statute is ... to protect debtors from the burden of double payment where a foreclosure sale brings an unreasonably low price and thus results in a deficiency.... [Section 44–14–161(a) ] does not operate to extinguish a debt; it just limits the creditor's remedies." *Calvert Fire Ins. Co. v. Environs Development Co.,* 601 F.2d 851, 854 (5th Cir.1979).

 The debtor on the underlying promissory note "is the only party against whom the deficiency may be enforced." *Commercial Exchange Bank v. Johnson,* 197 Ga.App. 529, 398 S.E.2d 817, 819 (1990).

"The failure to obtain confirmation of a sale does not operate to extinguish the remaining debt; rather, it simply precludes the person exercising the power of sale from instituting suit to obtain a deficiency judgment. Failure to confirm does not estop a creditor from pursuing other contractual security on the debt." *Taylor v. Thompson,* 158 Ga.App. 671, 282 S.E.2d 157, 158 (1981).

"[A nonjudicial sale] must be confirmed by a court before the creditor may sue the debtor for any deficiency resulting from the sale." *Weems v. McCloud,* 619 F.2d 1081, 1085 (5th Cir.1980).

In *United States v. Sanford (In re Sanford )*,[2] the Eleventh Circuit Court of Appeals stated:

Bankruptcy Code § 502 governs the allowance of claims in bankruptcy. Section 502(b)(1) provides that a claim shall not be allowed in bankruptcy if it "is unenforceable against the debtor and property of the debtor under any agreement or applicable law...." 11 U.S.C. § 502(b)(1) (1988). In other words, a claim against the bankruptcy estate will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy.

979 F.2d at 1513.

 Turning to the case at bar, Central Bank did not have the foreclosure sale confirmed by the superior court. Thus, Central Bank may not take action under state law to assert a deficiency claim. Central Bank has not shown that other property of the bankruptcy estate also secured Debtor's obligation. The Court is persuaded that Central Bank's claim is not enforceable against Debtor outside of bankruptcy. Central Bank, therefore, may not assert a claim against Debtor's bankruptcy estate. The Court, therefore, must sustain Debtor's objection to the proof of claim.

An order in accordance with this memorandum opinion will be entered this date.

---

**2.** 979 F.2d 1511 (11th Cir.1992).