A05A1365. GRAHAM v. CASA INVESTMENTS COMPANY.
(616 SE2d 833)

PHIPPS, Judge.

Claudia Graham bought property in Alabama with a loan from Colonial Bank, Inc., secured by a mortgage on the property. Colonial Bank later foreclosed on the property, but the foreclosure sale did not yield enough money to repay the loan fully. The sale was never judicially confirmed. Colonial Bank later assigned its claim against Graham to Casa Investments Company, which sued her for the deficiency (i.e., the amount of the loan less the amount brought in by the foreclosure sale). The parties filed cross-motions for summary judgment. In her motion, Graham argued that Colonial Bank's failure to confirm the sale barred recovery under Georgia law. The trial court rejected her argument, ruling that Alabama law, which does not require confirmation of foreclosure sales, governed the matter. Accordingly, the court granted summary judgment to Casa Investments. Graham appeals, but we affirm.

Georgia law prohibits any action to collect a deficiency unless the entity instituting the foreclosure proceeding reports the sale within 30 days to the superior court of the county where the land is located for confirmation and approval.[1] Alabama law, on the other hand, does not require a sale to be confirmed before a deficiency action is brought.[2] The question, then, is whether Georgia or Alabama law governs.

We answered that question in *Meeker v. Eufaula Bank & Trust*.[3] There, as in this case, a mortgagee sued a mortgagor in Georgia to collect a deficiency that remained after a foreclosure sale of property located in Alabama. The mortgagee had never confirmed the foreclosure sale. We held that Alabama law applied and that confirmation was not required. *Meeker* is squarely on point and controls this case. Because confirmation of the sale was not required, the trial court

---

[1] OCGA § 44-14-161 (a); *Commercial Exchange Bank v. Johnson*, 197 Ga. App. 529, 530 (1) (398 SE2d 817) (1990).

[2] *Meeker v. Eufaula Bank & Trust*, 208 Ga. App. 702, 705 (2) (431 SE2d 475) (1993), citing *Continental Cas. Co. v. Brawner*, 148 S 809, 811 (Ala. 1933); see also *Mt. Carmel Estates v. Regions Bank*, 853 S2d 160 (Ala. 2002) (affirming award of deficiency judgment to bank after foreclosure sale; opinion's lengthy recitation of facts does not mention that bank confirmed sale).

[3] Supra.

properly denied Graham's motion for summary judgment and granted Casa Investments's motion.

Graham argues that Georgia's choice-of-law rules require a different result. Generally, in a contract case, Georgia courts apply the laws of the state where the contract was made to substantive matters, and they apply Georgia laws to procedural matters.[4] The requirement of a foreclosure confirmation before a deficiency action is substantive, not procedural.[5] Thus, Georgia's choice-of-law rules require application of Alabama law on the necessity of confirmation.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 27, 2005.

*Theodore G. Frankel*, for appellant.
*Scott M. Stevens*, for appellee.

---

[4] *Convergys Corp. v. Keener*, 276 Ga. 808, 811, n. 1 (582 SE2d 84) (2003); *Harper v. Harper*, 267 Ga. App. 553, 555 (1) (600 SE2d 659) (2004).

[5] *Business Loan Center v. Nischal*, 331 FSupp.2d 301, 308 (D. N.J. 2004) (applying Georgia's confirmation requirement to foreclosure sale of property in Georgia).