## A07A1137. FRIEDMAN v. REGIONS BANK.
### (653 SE2d 507)

PHIPPS, Judge.

Martin Friedman appeals a confirmation of a sale of real property foreclosed on by Regions Bank under power of sale contained in a deed to secure debt. Because Friedman has failed to show that he was deprived of any protection contemplated by the applicable confirmation statute,[1] we affirm.

The material facts are not in dispute. Friedman gave Regions Bank a deed to secure debt on property located in Bartow County and thereafter defaulted on the underlying note. After notice and advertisement, the bank acquired the property in a nonjudicial foreclosure sale held in July 2006. Preparing to seek a deficiency judgment against Friedman, pursuant to OCGA § 44-14-161,[2] the bank reported the sale to the Bartow County Superior Court and applied for confirmation and approval of the sale. At a hearing thereupon in "Civil Action File No. 06-CV-1881," the superior court found that the sale had not been conducted on the advertised date. Therefore, the court refused to confirm the sale, verbally set aside the sale and ordered that the property be resold.

Regions Bank then commenced anew foreclosure proceedings upon the property. After notice and advertisement, Regions Bank acquired the property at a foreclosure sale held in October 2006. Again preparing to seek a deficiency judgment against Friedman, pursuant to OCGA § 44-14-161, the bank reported the sale to the Bartow County Superior Court and applied for confirmation and approval of the sale.

At the hearing thereupon in "Civil Action File No. 06-CV-3097," Friedman objected on two grounds. First, he argued that the October sale could not be confirmed because it was premature. He pointed out that no written order had been entered denying confirmation of the

---

[1] OCGA § 44-14-161.

[2] See generally *Commercial Exchange Bank v. Johnson*, 197 Ga. App. 529, 530 (1) (398 SE2d 817) (1990) ("OCGA § 44-14-161 requires a confirmation as a condition precedent to an action for a deficiency judgment.") (citation omitted).

July sale, setting aside that sale, and ordering a resale of the property. Second, Friedman argued that the property was sold for less than its true market value. Upon representations of both sides, the court found no dispute that the superior court judge who had presided over the first confirmation hearing had refused to confirm the July sale and then verbally ordered it set aside and the property resold. The court ruled that, while an order should be prepared and filed "to close [the first] case out," the instant confirmation proceeding comprised "a new action" in which the bank could seek confirmation of the October sale. After hearing evidence regarding the market value of the property as of the October sale, the court confirmed the October sale.

Friedman contends on appeal that the superior court committed reversible error by confirming the October sale, arguing only that the sale was a nullity because no written order was entered denying confirmation of the July sale, setting aside that sale, and directing that the property be resold. He points out further that days after the July sale, the bank recorded a "Deed Under Power of Sale" in connection with that sale and argues that "until a written order was entered setting that sale aside, there was nothing for the [bank] to resell." Having given this contention a de novo review, we find it without merit.

"The only purpose of [OCGA § 44-14-161] is to subject the creditor's potential deficiency claim to the condition that the foreclosure sale under power be given judicial approval."[3] "Its purpose is to pass upon the notice, advertisement and regularity of the sale and to re-insure that the property was sold for a fair value. It provides debtors with formidable protection against gross deficiency judgments."[4]

Friedman does not assert that the notice or the advertisement underlying the October sale was deficient;[5] nor does he assert that the property was sold for a price other than its true market value.[6] He apparently complains that the October sale was irregular due to the status of the title of the property on the date of that sale. But this complaint falls outside the ambit of OCGA § 44-14-161. Confirmation proceedings brought under OCGA § 44-14-161 do not adjudicate title.[7] And even if title of the property was not clear on the date of the October sale, Friedman has not shown that, under the circumstances

---

[3] *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (1) (430 SE2d 732) (1993) (citation and punctuation omitted); see *Ameribank, N.A. v. Quattlebaum*, 269 Ga. 857, 858 (505 SE2d 476) (1998); *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236, 237 (1) (240 SE2d 76) (1977).

[4] *Wall*, supra; see *Ameribank, N.A.*, supra; *Vlass*, supra.

[5] See OCGA § 44-14-161 (c).

[6] See OCGA § 44-14-161 (b).

[7] *Wall*, supra; *Dorsey v. Mancuso*, 249 Ga. App. 259, 261 (547 SE2d 787) (2001).

of this case, a cloud of title adversely affected any protection afforded him as debtor under OCGA § 44-14-161.[8]

Moreover, OCGA § 44-14-161 pertinently provides, "The court may order a resale of the property for good cause shown,"[9] but is silent on whether such order must be written and filed. Friedman has cited no authority supporting his complaint that the confirmation of the October sale was error on the ground that no written order was entered upon the superior court's refusal to confirm the original sale and verbal orders that it was set aside and that the property be resold. And we find none. Rather, in *Kong v. Shearson Lehman Hutton Mtg. Corp.*,[10] where the superior court refused to confirm original sales, but instead "verbally set aside the original sales and ordered resales of the properties,"[11] this court reasoned that "the initial foreclosure sales were set aside, those sales were no longer binding, and the parties were returned to the posture they occupied prior to the initial sales."[12]

In this case, the parties acknowledged at the second confirmation hearing that the judge who presided over the first confirmation hearing had refused to confirm the July sale and verbally set aside that sale and ordered a resale of the property. Again, before this court, Friedman concedes, "[T]he judge in the first confirmation proceeding found the sale to be invalid and directed a resale." And there is no question that a foreclosure sale occurred thereafter on October 3, 2006. Although the real estate records of Bartow County contain a "Deed Under Power of Sale" between Friedman (as grantor) and Regions Bank (as grantee), dated and filed in July 2006, the county's real estate records also contain a "Deed Under Power of Sale" between the same parties, dated and filed in October 2006. In addition, Bartow County's real estate records contain an affidavit that was filed contemporaneously with the October "Deed Under Power of Sale," which affidavit explained that the October deed it accompanied was "for the purpose of correcting the previous filing of a similar Deed Under Power of Sale, because the foreclosure process had to commence anew pursuant to a Court Order in Civil Action File Number 06-CV-1881 of the Civil Records of Bartow County, Georgia."

Finally, Friedman seeks to nullify the confirmation of the October sale by invoking the rule that a judgment must be in writing, signed by the judge, and filed with the clerk in accordance with OCGA

---

[8] See generally *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327, 330 (270 SE2d 867) (1980) (regarding extent of protection afforded debtor by confirmation statute).

[9] OCGA § 44-14-161 (c).

[10] 211 Ga. App. 93 (438 SE2d 132) (1993).

[11] Id. at 94.

[12] Id. at 95.

§ 9-11-58 to be effective, irrespective of any oral announcement by the trial court.[13] But Friedman's reliance upon this rule is misplaced. The superior court at the second confirmation hearing correctly determined that, while a final order should be entered "to close [the first] case out," the confirmation proceedings in connection with the October sale — the only pertinent sale here — nevertheless comprised "a new action."[14] And with respect to such proceedings, the superior court signed a final order and duly filed it with the clerk. Friedman has not shown how the absence of a final order in connection with the July confirmation proceedings deprived him of any protection afforded him by OCGA § 44-14-161 as debtor in the October sale.[15]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 25, 2007.

*David U. Crosby*, for appellant.
*White, Choate & Watkins, John T. Mroczko*, for appellee.

---

[13] Friedman cites *Bloodworth v. Thompson*, 230 Ga. 628 (198 SE2d 293) (1973); *Zeitman v. McBrayer*, 201 Ga. App. 767 (412 SE2d 287) (1991); *Maroska v. Williams*, 146 Ga. App. 130 (245 SE2d 470) (1978).

[14] See generally *Kong*, supra at 94-96.

[15] See generally *Kennedy*, supra (regarding extent of protection afforded debtor by confirmation statute).