**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**October 22, 2012**

# In the Court of Appeals of Georgia

A12A1617. HOWSER MILL HOMES, LLC et al. v. BRANCH BANKING AND TRUST COMPANY.

PHIPPS, Presiding Judge.

Howser Mill Homes, LLC, R. Millard Bowen, Bowen and Bowen Construction, and MBC Properties (collectively, "Howser Mill") appeal from the trial court's order confirming a sale of property foreclosed on by Branch Banking and Trust Company ("BB&T") and denying Howser Mill's motion to dismiss BB&T's application for confirmation of the sale. For the reasons that follow, we affirm.

The material facts are not in dispute. Howser Mill Homes gave BB&T a security deed encumbering certain real property. On July 1, 2008, exercising the power of sale contained in the security deed, BB&T sold and bought the property in a nonjudicial foreclosure sale.

On July 29, 2008, BB&T filed an application for confirmation of the sale. While the application was pending, BB&T discovered that the notice of the foreclosure sale had not been properly advertised. In October 2008, BB&T voluntarily dismissed its application for confirmation of the sale without prejudice.

BB&T thereafter started new foreclosure proceedings under power of sale on the property, including advertising the sale and providing notice to Howser Mill. In November 2008, the property was sold at foreclosure to BB&T. BB&T subsequently filed an application for confirmation of the November sale. Howser Mill objected and moved to dismiss the second application, contending that the November sale could not be confirmed because the court had not ordered a resale of the property. The trial court denied the motion to dismiss and confirmed the November foreclosure sale.

1. Howser Mill contends that the trial court erred in confirming the November foreclosure sale because BB&T was required, pursuant to OCGA § 44-14-161, to obtain a court order before conducting the November sale, but BB&T failed to obtain such an order. We hold that no such order was required in this case.

"The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them.

2

We apply a de novo standard of review to any questions of law decided by the trial court."[1]

OCGA § 44-14-161 provides:

(a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

(b) The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.

(c) The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity

---

[1] *Citizens Bank of Effingham v. Rocky Mountain Enterprises*, 308 Ga. App. 600, 601 (708 SE2d 557) (2011) (citations and punctuation omitted).

3

of the sale. *The court may order a resale of the property for good cause shown.*[2]

Relying on the language of OCGA § 44-16-161 (c) emphasized above, Howser Mill argues that BB&T was not authorized to sell the property in November because the court had not ordered a resale after the July sale. But Howser Mill has cited no authority that supports its position that a party must obtain from the court a resale order before selling the property under the circumstances presented in this case (i.e., where the party voluntarily dismissed its application for confirmation before the entry of a final order, and then started new foreclosure proceedings).

The security deed pertinently provided that, in the event of Howser Mill Homes' default, BB&T was authorized to sell the property at public auction, "first advertising the time, terms and place of such sale by publishing a notice thereof once a week for four consecutive weeks . . . in a newspaper in which sheriff's advertisements are published."

In *MPP Investments v. Cherokee Bank*,[3] the Supreme Court of Georgia held that a foreclosure sale was not valid where the security deed required the secured

---

[2] (Emphasis supplied.)

[3] 288 Ga. 558 (707 SE2d 485) (2011).

4

party to give notice before the party could exercise the power of sale contained in the deed, and the party did not give the required notice before foreclosing.[4] Further, Georgia law pertinently provides that "[n]o sale of real estate under powers contained in . . . deeds . . . shall be valid unless the sale shall be advertised . . . in the usual manner of the sheriff's sales."[5] It is undisputed that notice of the July foreclosure sale was not published in the manner required by the security deed or by statute. Thus, the July sale was not valid.[6]

As the Supreme Court of Georgia stated in *Culver v. Lambert*,[7]

where the lender who is the plaintiff is also the purchaser at an illegal and void sheriff's sale, we see no reason why he can not treat the sale as void, and proceed in the manner which he should have first adopted in the enforcement of his execution. The defendant can not complain that the plaintiff treats as void a sale which the law pronounces invalid, and proceeds to sell again. . . .The second sale could hardly have had the

---

[4] Id. at 560-561 (1), 563 (4).

[5] OCGA § 44-14-162 (a); see OCGA §§ 9-13-140 (a) and 9-13-141 regarding specific requirements for advertising judicial or sheriff's sales.

[6] *MPP Investments*, supra; see *Proudfit v. Oliver*, 150 Ga. 707 (105 SE241) (1920) (where the advertisement of foreclosure sale did not conform to the requirements of the security deed, the foreclosure sale was invalid and did not divest title of the grantor to the property).

[7] 132 Ga. 296 (64 SE 82) (1908).

5

effect of depressing the price of the land because of the prior illegal sale, since the rights of no new parties were injected into the transaction, and it was manifest that the only purpose was to bring the land to sale in a legal manner.[8]

And as this court has stated, "when the lender is also the purchaser at an invalid sale, the lender can treat the sale as void and resell the property in the manner that it should have sold the property in the first place."[9]

The confirmation proceeding commenced in connection with the November sale comprised a new action.[10] The trial court found that, and Howser Mill does not dispute, as to the November action, the advertisement requirements were met and the property was sold for its true market value.

The only purpose of OCGA § 44-16-161 is to subject the creditor's potential deficiency claim to the condition that the foreclosure sale under power be given judicial approval. Its purpose is to pass upon the notice, advertisement and regularity of the sale and to re-insure that the

---

[8] Id. at 298.

[9] *Duke Galish, LLC v. Southcrest Bank*, 314 Ga. App. 801, 803 (1) (726 SE2d 54) (2012) (citation omitted).

[10] See *Friedman v. Regions Bank*, 288 Ga. App. 57, 60 (653 SE2d 507) (2007).

property was sold for a fair value. It provides debtors with formidable protection against gross deficiency judgments.[11]

Howser Mill has not shown that it was deprived in the November sale of any protection afforded by OCGA § 44-16-161.[12]

To support its assertion that the July sale was not void (but merely voidable), Howser Mill relies on the following statement from *Stripling v. Farmers & Merchants Bank*:[13] "The alleged failure to advertise the four weeks immediately preceding the sale pursuant to OCGA § 9-13-141, would not render it absolutely void."[14] The cited language, however, is dicta.[15] More importantly, we are not required to determine whether the invalid July foreclosure sale was void or merely voidable because, in either case, BB&T cured the invalidity by conducting the second

---

[11] Id. at 58 (punctuation and footnotes omitted).

[12] See id.

[13] 175 Ga. App. 75 (332 SE2d 373) (1985).

[14] Id. at 76 (2).

[15] Id. at 76-77 (2).

7

foreclosure in the proper manner.[16] The trial court did not err in confirming the November sale.

2. In light of our holding in Division 1,[17] we need not address Howser Mill's contention that the trial court erred also in denying Howser Mill's motion to dismiss the application for confirmation based on BB&T's alleged failure to comply with the resale order provision of OCGA § 44-14-161 (c).

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[16] See *Duke Galish, LLC*, supra.

[17] Supra.