**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 13, 2013**

# In the Court of Appeals of Georgia

A12A1908. ROOSTER YOUNGBLOOD CONSTRUCTION, INC.
et al. v. BANK OF HIAWASSEE.

BRANCH, Judge.

A superior court confirmed a non-judicial foreclosure sale even though it concluded that the sale did not return fair-market value of secured property. The debtors appeal, and we reverse.

On review of a confirmation proceeding, we review questions of law de novo. *Howser Mill Homes v. Branch Banking and Trust Co.*, 318 Ga. App. 148, 149 (1) (733 SE2d 441) (2012).

The record shows that following a hearing to confirm the non-judicial foreclosure sale, the court entered an order in which it made the following relevant findings:

2) The debt secured by [the real property] as of March 1, 2011, was $136,854.11; and

3) The successful bid at the foreclosure sale was $37,609.00, and the real property was sold back to [the bank] for said sum; and

. . .

6) The Court having heard evidence, determines the true market value of the real property as of the date of the foreclosure sale was $44,804.50; and

7) [The bank] having agreed to credit the debt the amount of $44,804.50, thereby reducing the potential deficiency; and

8) The Court having heard evidence, determines the sale complied with all legalities of notice, advertisement, and regularity of sale; and therefore, said sale is hereby APPROVED AND CONFIRMED pursuant to the provisions of OCGA § 44-14-161.

Thus, the superior court attempted to adjust the amount that would be due on the primary debt by seeking and obtaining the bank's agreement to credit the debtor's account with the true market value as determined by the superior court.[1]

---

[1]The order also shows that it was "[r]eviewed as to form" by the debtors' counsel, but it does not indicate that the debtors consented to the substance of the order. Moreover, the order itself states that only the bank agreed to the court's adjustment of the amount due.

The Confirmation statute provides that the court "shall not confirm the sale" unless the property "brought its true market value":

> The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.

OCGA § 44-14-161 (b). "OCGA § 44–14–161 is in derogation of common law and must be strictly construed." (Citation and punctuation omitted.) *129 Acres, Inc. v. Atlanta Business Bank*, 311 Ga. App. 462, 463 (716 SE2d 536) (2011). This Court has interpreted the statute as being limited to its terms, and a trial court is not allowed to consider and address extraneous issues:

> The duty of the court is to test the fairness of the technical procedure of the actual sale and to insure that the sale has brought at least the true market value of the property. The statute does not contemplate that the court shall undertake to decide controversies between the parties as to the amount of the debt or side agreements which could have been the basis of an injunction preventing the foreclosure sale.

(Citations and punctuation omitted). *Alexander v. Weems*, 157 Ga. App. 507 (1) (277 SE2d 793) (1981), quoting *Jones v. Hamilton Mtg. Corp.*, 140 Ga. App. 490, 491 (231 S.E.2d 491) (1976). "The legislative intention was to have a speedy determination

3

through a bench trial of the specific items stated in the statute." *Jones*, 140 Ga. App. at 491. The statute specifies the court may not confirm the sale when the property has failed to return its fair market valued, although it may order a resale: "The court may order a resale of the property for good cause shown." OCGA § 44-14-161 (c).

Because we find that the remedy created by the superior court is not authorized by the statute, we must reverse.

*Judgment reversed. Miller, P. J., and Ray, J., concur.*

4